SUMMERALL *vs.* GRAHAM.

One who purchases land; pays for it, and enters into possession, cannot, before eviction under title paramount, recover the money back in an action for money had and received, without surrendering the possession or offering to do so, though the seller refuses to exec ute a conveyance in terms of the contract. To rescind the purchase and keep the land, is not allowable.

Vendor and purchaser. Contracts. Rescision. Before Judge HARRIS. Appling Superior Court. September Term, 1878.

Summerall brought complaint against Graham for $147.17, on an account for money had and received, due December

15, 1875. No plea appears in the record. The evidence for the plaintiff presented the following facts :

In the year 1870 or 1871, he purchased from defendant lot 464 in the 3d district of Appling county, for $150.00, and paid the larger portion of the purchase money. (The evidence, though confused, shows the amount paid to have been at least $135.00.) Though frequently applied to, defendant has failed to make him a title. He has been compelled to purchase the title of Mrs. A. T. Surrency to the lot to prevent a suit for timber that has been cut therefrom.

He introduced a grant from the state to A. M. Smith, covering the lot, dated December 18, 1842; also a deed thereto to him from Mrs. Surrency, of date January 17, 1876, consideration $150.00.

The court ordered a non-suit upon the ground that the plaintiff had neither shown an eviction nor a complete outstanding title. To this ruling exception was taken.

G. J. HOLTON, by brief, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Justice.

It is apparent from the evidence in the record that Summerall, the plaintiff, entered into possession under his purchase from Graham, the defendant, and that he still retains that possession. He has not surrendered or offered to surrender it, nor has he been evicted. He shows that the land was granted by the State to Smith in 1842, but he does not show that Smith, or any one claiming under Smith, has disturbed him, or is likely to disturb him. He shows, also, that while in possession under his purchase from Graham, he was threatened with a suit by Surrency, and that to appease Surrency he bought from him, and took a conveyance; but he does not show that Surrency had any title, or ever had any. No connection is

made out between Surrency and Smith, and how the former came to his asserted ownership is left wholly unexplained. The non-suit was proper. Restitution before absolution is as sound in law as in theology; and that doctrine prevents an *ex parte* rescision by the plaintiff without restoring the defendant to his original situation. Code, §2860.

Judgment affirmed.