SWETT v. STARK and another.

*(Circuit Court, N. D. Illinois. August 1, 1887.)*

1. MORTGAGE—FORECLOSURE—INTEREST—DEFAULT.
   Where a mortgage on real estate in Illinois is given to secure payment of two negotiable notes, containing a covenant that, upon failure to pay any installment of interest, the principal of both notes shall become due, a *bona fide* purchaser of such notes and mortgage before maturity, upon default in the payment of the interest, may avail himself of that covenant, and foreclose the mortgage for the entire principal sum, without regard to equities existing between the original parties.

2. SAME—MATURITY OF NOTES.
   That one of the notes, to secure which the mortgage was given, will not become due till 1891, does not affect the right of a *bona fide* holder to foreclose the mortgage upon default in the payment of interest, as the mortgage, with all its covenants, was given to secure the notes, and add to their commercial value, by giving the holder the right to collect the entire debt when the makers fail to pay any installment of interest; and such *bona fide* holder may enforce the covenant without destroying the negotiable character of the notes.

3. COURTS—STATE DECISIONS—FORECLOSURE OF MORTGAGE.
   The rule established by the supreme court of Illinois that a negotiable note and mortgage, transferred to a *bona fide* holder before maturity, are held subject to all equities between the original parties, is not binding on the federal courts, which follow the rule laid down by the United States supreme court, that where a mortgage to secure negotiable notes is transferred, before maturity, to a *bona fide* holder for value, and a suit in equity brought to foreclose the mortgage, no other defenses are allowed against the mortgage than would be allowed in an action at law to recover on the notes.

*Rossington, Smith & Dallas*, for complainant.
*Edsall & Edsall*, for defendant.

GRESHAM, J. On the eighteenth day of January, 1885, the defendants executed their two negotiable promissory notes,—one for $2,000, payable to Mark P. Hillyer on the first day of May of the same year; and the other for $3,000, payable to the same person on the eighteenth day of January, 1891. Both notes were executed at Thomson, Illinois,

and payable at that place; and, to secure their payment, the defendants executed a mortgage upon real estate in Illinois. The mortgage contained a covenant whereby the principal of the notes was to become due if default occurred in the payment of any installment of interest; the interest being payable yearly. The notes and mortgage were sold and assigned to the plaintiff, before maturity, for value. Default occurred in the payment of interest on both notes, and the holders elected to declare the principal sum due, and brought this suit to foreclose the mortgage.

After setting up defenses which would be good against the payee, the answer avers that the notes and mortgage were executed in Illinois, (where the notes were made payable,) with reference to the laws of that state, by which an assignee of such a mortgage could acquire no greater right, against the maker of the notes and mortgage, than the payee and mortgagee had; and that, in this suit to foreclose the mortgage, the defendants are entitled to all the defenses which they might plead if the mortgagee were complainant. The answer is excepted to as insufficient.

It is not claimed that there is a statute in Illinois under which the defendants may assert against the complainant, as the assignee and *bona fide* holder of the notes, the same equities or defenses which he would be entitled to against the payee. It has been held by the supreme court of Illinois, not under any local statute, but as a question of general or commercial law, that if a mortgage is given to secure a negotiable note, and both the note and mortgage are transferred before maturity to a *bona fide* indorsee, he holds the mortgage subject to all equities between the original parties. But the supreme court of the United States has established a different rule for the federal courts. That court has held that where a negotiable note, secured by a mortgage, has been transferred to a *bona fide* holder for value before maturity, and a bill is filed to foreclose the mortgage, no other or further defenses are allowed, as against the mortgage, than would be allowed were the action brought in a court of law upon the note; that the maker bound himself to pay the note at maturity to any *bona fide* indorsee, without reference to any defenses to which it might be liable in the hands of the payee; and that, in proportion as the remedy is denied to the indorsee to enforce the security, his rights are violated and set at naught. *Carpenter* v. *Longan,* 16 Wall. 271; *Kenicott* v. *Supervisors,* Id. 452; *Sawyer* v. *Prickett,* 19 Wall. 146.

It is urged, however, that because the second note will not, by its terms, become due until 1891, before which time its payment cannot be enforced, either at law or in equity, without also declaring on the covenant in the mortgage, which is not negotiable, that therefore the makers are entitled to the defense set up in their answer. This assumption is based upon a misconception of what the makers agreed to do by the execution of the notes, as well as of the relation which exists between the notes and the mortgage. The contract was that the makers would pay the notes at maturity to any *bona fide* indorsee, without reference to defenses to which they might be liable in the hands of the payee; and the mortgage, with all its covenants, was executed to secure the fulfillment of that contract. The covenant in question added to the commercial

value of the notes, and it was doubtless intended to have that effect. It imparted additional value to the security by giving to the holder of the notes the right to collect the entire debt by foreclosure, whenever the makers failed to pay any installment of interest. One of the notes, by its terms, would not become due for six years, and meantime the security might become inadequate, and the makers insolvent. The covenant is not to be treated as an independent, non-negotiable contract. It is an important element of the security, which the complainants, as innocent holders of the notes, are entitled to enforce, according to its terms. It cannot be disputed that if the complainant saw fit to wait until 1891, he could then foreclose the mortgage for the full amount of the notes, regardless of equities between the original parties; and yet we are told, because the suit is brought before the last note is due by its terms, but not before it is due by virtue of the covenant in the mortgage, that the complainant should be treated as if he were not a *bona fide* holder, or as if he were seeking to foreclose a mortgage to secure a non-negotiable contract. The mere statement of the proposition shows its unsoundness. The mortgage, as an incident to the notes, is inseparable from them. It has no separate existence, and it cannot be treated as an independent chose in action. *Carpenter* v. *Longan, supra.*

The plaintiff bought the notes in good faith, before maturity, on the faith of the security, including the covenant in question; and it would be inequitable and unjust to hold that it was the intention of the makers and the payee that this covenant should not be enforced without destroying the negotiable character of the notes. The exceptions to the answer are sustained.