## KILCREASE v. JOHNSON.

1. In a suit on a promissory note for $300, a plea of usury alleging that it was given for a loan of $231 only, the balance being retained at the time of giving the note and making the loan, should not have been stricken.

(a) If the $39 alleged to have been retained were paid by the defendant to his agent to procure the loan, it was not usury, and the plaintiff would be entitled to recover the same.

2. It was error to strike a plea amendatory of the plea of usury, alleging that the contract sued on was made and executed in Georgia, and was to be performed there, and that the making of the same payable in another State was a mere device to avoid the usury laws of Georgia, and was not known to the defendant nor consented to by him.

3. There was no error in striking a plea that the sum sued for was not due, and that no judgment could be taken therefor, notwithstanding the agreement that the whole should become due and collectible upon defendant's failure to pay any part when due.

June 2, 1890.

Promissory notes. Interest and usury. Pleadings. Before Judge SMITH. Schley superior court. October term, 1889.

On April 16, 1887, Kilcrease made his note for $300.00, due April 16, 1892, for value received, payable to Johnson, at Boston, Massachusetts, with interest from date of note at 8 per cent., payable annually. At the same time he gave notes for the interest, and agreed that should any of the interest not be paid when due, the note therefor should bear interest at 8 per cent. from maturity, and that upon failure to pay any of the interest within thirty days after due, the principal sum might be declared due without notice and collected at once, time being of the essence of the contract. He also agreed to pay all costs of collection, including ten per cent. of principal and interest as attorneys' fees, in the event the note was collected by suit. The first interest note was for $13.93, and was due November 15, 1887. Kilcrease failed to pay it within the time

agreed, and on March 15, 1888, Johnson sued him for $300.00 with interest and attorneys' fees.

In addition to (1) the general issue, Kilcrease pleaded by amendment (2) that the notes were given by him for a loan of $231 and for no other consideration, and that the sum of $69 additional included in the principal note, and all of the interest notes amounting to $120, the whole making the sum of $189, were usury, and that he was liable for only $231 with lawful interest from April 16, 1887, which amount he was willing to pay. Also, (3) that the amounts sued for were not due and no judgment could be taken for them, notwithstanding the agreement that the whole should become due and collectible upon defendant's failure to pay any of the interest when due; this agreement being in the nature of a penalty and contrary to law.

To the pleas by amendment the plaintiff demurred at the trial; whereupon the defendant offered to amend his plea of usury by alleging that the contract sued on was made and executed in Georgia and was to be performed there, and that the making of the same payable in Boston was a mere device of the plaintiff to avoid the usury laws of Georgia, and was not known to defendant nor consented to by him. The court then sustained the demurrer to all of the amended pleas; and all except that of the general issue were stricken. This is assigned as error. A verdict and judgment were rendered for the plaintiff for $300 principal, $63.89 interest to date of verdict (October 15, 1889), with accruing interest at eight per cent., and $36.38 as attorneys' fees; and in accordance with a prayer of the declaration, a special lien in plaintiff's favor was declared upon certain land conveyed to him as security by defendant. It is also assigned as error that the court allowed this verdict and judgment to be rendered.

E. A. HAWKINS, and W. H. McCRORY, for plaintiff in error.

B. P. HOLLIS, *contra.*

SIMMONS, Justice.

1. The pleadings and facts in this case are substantially the same as in the case of *Martin* v. *Johnson,* 84 *Ga.* 481. Here, as there, the note was made in this State, to be paid in Massachusetts, with a deed to land to secure the payment thereof. Here, as there, the plea alleged usury arising from a like transaction, in that the amount borrowed and for which the note was given was $300, when only $231 was delivered by the lender and received by the borrower, the latter thus giving his note for $69 more than he received. The plea shows, therefore, that $69 of the principal of the note was taken out of the principal at the time the contract was made in this State. In the case of *Martin* v. *Johnson, supra,* upon substantially the same state of facts, we held that the court erred in striking the pleas; and we think that decision covers the facts in this case. Of course we do not pretend to pass upon the truth of the allega- tions in the pleas, but merely decide that if they are true, the note was usurious, and the usury reserved at the time the contract was made in this State, could not be recovered here. If it should turn out upon the trial that Kilcrease paid the $69 to his agent to procure the loan, as was done in the case of *Merck* v. *American Freehold, etc. Co* , 79 *Ga.* 213; *Hughes* v. *Griswold,* 82 *Ga.* 299; and *Riley* v. *Olin, Id.* 312, it was not usury, and the plaintiff would be entitled to recover the same.

2. The court also struck the plea that the making of the note payable in Massachusetts was a mere device to evade the laws of Georgia. In this we think the court erred. That was a question for the jury.

3. The defendant also pleaded that the amounts sued for were not due and no judgment could be taken for

them, notwithstanding the agreement that the whole should become due and payable upon the defendant's failure to pay any part thereof when due. There was no error in striking this plea.        *Judgment reversed.*