## SMITH *v.* CHAMPION.

1. The proper method of attacking, on the ground that it was filed while the case was in default, a plea which has apparently been allowed, is by motion to strike the same from the files. Even if a demurrer containing such a ground can, in any event, be regarded as the equivalent of such a motion, the question whether or not it was well taken can not be passed upon by this court unless its material recitals of fact are duly verified. In this case the general order sustaining the demurrer, which not only contained such a ground, but also attacked the plea on its merits, can not fairly be treated as a verification of the recital that the plea was in fact filed when the case was in default; certainly not in view of a statement in the bill of exceptions to the effect that such plea was duly filed and allowed. Moreover, it does not appear that such ground of demurrer was ever treated in the court below as a motion to strike, or that the trial judge has ever passed thereon.

2. There is no merit in so much of an answer as alleges that, for want of sufficient information, the defendant can neither admit nor deny the truth of the plaintiff's allegations as to the contents of written instruments executed by the defendant himself, or as to matters peculiarly within his personal knowledge, the answer not otherwise undertaking to give any reason for or explanation of the defendant's professed ignorance concerning these matters.

3. Where by contract the principal of a promissory note was to become due before the day therein specified, in case of default in paying any one of several notes given for the semiannual interest thereon, and the holder, upon such default as to one of the interest notes, brought his action, the fact that he subsequently dismissed the same did not prevent his bringing another action after one or more of the other interest notes matured and remained unpaid; and in this action the plaintiff could sue for the amounts due upon the main note and all of the interest notes which were past due and unpaid, including interest upon the latter.

4. A promissory note, executed in this State and bearing interest at the maximum rate allowed by our statute, but not specifying any place of payment, is not usurious because of a stipulation therein for the payment of the principal and interest "with current rate of premium on New York exchange," there being nothing to show that this stipulation was made with intent to evade any law against usury.

5. As against a special demurrer, a general averment in a plea that "insurance 'policies are void because not properly framed" is insufficient, for the reason that it does not point out any defect in such policies.
6. Where a paragraph in a petition alleges that the defendant is indebted to the plaintiff in a specified amount for premiums upon policies of fire-insurance which the latter had been compelled to pay because of a violation by the former of his contract to keep such policies in force, the terms of this contract being set out in the petition, an answer to this paragraph, denying that the defendant is "indebted to petitioner under the said contract in the sum alleged," and averring that "the other allegations of the paragraph he neither admits nor denies, for want of sufficient information," is at least sufficient to require proof by the plaintiff that he in fact paid the premiums as alleged.
7. The court erred in sustaining the demurrer to that portion of the defendant's answer to which the last preceding note refers; but as this was the only error committed, the judgment below may lawfully stand if the plaintiff will comply with directions appropriate to this end embraced in the judgment herein rendered. If he does not choose to do so, the judgment below must be reversed.

Argued June 15–16, — Decided August 2, 1897.

Complaint. Before Judge Norwood. City court of Savannah. November term, 1896.

*John Nicolson Jr.*, for plaintiff in error.
*A. C. Wright*, contra.

LUMPKIN, P. J. In June, 1892, John O. Smith borrowed from Francis J. Champion a considerable sum of money, giving therefor a promissory note due five years after date, with interest at the rate of 8 per cent. per annum until paid. At the same time, Smith also executed and delivered to Champion several other notes for the semiannual interest to accrue upon the main note above mentioned, and by a contemporaneous written contract agreed that in case of any default in paying any one of the several interest notes, the entire debt should become immediately due. The principal note did not specify any place of payment. The interest notes were all made payable at any bank in the city of Savannah. All the notes stipulated for payment " with current rate of premium on New York exchange." In the contract above referred to, Smith also stipulated that he would keep insured the buildings on certain realty conveyed to Champion as security for the payment of the loan and the interest thereon. Default having been made

in the payment of one of the interest notes, Champion brought an action for the recovery of the entire debt, but subsequently dismissed the same. Afterwards default was made in the payment of two more of the interest notes after their maturity, and thereupon Champion brought another action for the principal and all the interest which had become due and remained unpaid. Smith filed a plea in which he undertook to set up various defenses. The bill of exceptions recites that this plea was "duly filed and allowed." The plaintiff demurred to the plea on various grounds. This demurrer was sustained, and a judgment was entered in favor of the plaintiff. We will now deal with the questions presented for our determination.

1. One ground of the plaintiff's demurrer to the defendant's plea was, "that it was filed while the case was in default." We do not think the plaintiff adopted the proper method of attacking the plea on the ground specified. He ought to have moved to strike the plea from the files. It is doubtful whether, in any event, a demurrer raising this objection to the validity of a plea could be regarded as the equivalent of a motion to so strike it; but even if this could properly be done, this court would not, in the present case, be warranted in passing upon the question whether or not this objection to the plea was well founded. We say this because the record does not affirmatively show that the plea was in fact filed when the case was in default, and we can not assume that this was true. Indeed, the contrary inference is to be drawn from the recital in the bill of exceptions to the effect that this plea was "duly filed and allowed."

2. The defendant's answer contained numerous allegations to the effect that, "for want of sufficient information," he could neither admit nor deny the truth of what the petition alleged as to the contents of the promissory notes sued on and the written contract accompanying the same. The answer did not undertake to state any reason for, or explanation of, the defendant's professed ignorance concerning these matters. We can not give our sanction to this method of meeting plain and unequivocal allegations as to the contents of written instruments executed by the defendant himself. He certainly ought

to have known at least the substance of what they contained. It is undoubtedly true that a party may forget what he has in writing contracted to do; but as a general rule he must be held chargeable with a knowledge of such things. Certainly, in the absence of any explanation of a defendant's alleged ignorance as to matters apparently so peculiarly within his personal knowledge, answers of the nature now under consideration will be treated as mere evasions, and will not be countenanced.

3. Another defense sought to be set up was, that the plaintiff, having begun an action for the entire debt when default was made in paying the first interest note, and having dismissed that action, could not bring another and entirely distinct suit when like defaults were made as to the next two maturing interest notes. This position is so obviously without merit, we decline to discuss it.

4. As will have been observed, the principal note stipulated for the maximum rate of interest allowable under the laws of this State, and also for the payment of the principal and interest on the loan "with current rate of premium on New York exchange." The defendant endeavored to set up the defense of usury, alleging that the promise to pay a premium in the way of exchange, in addition to 8 per cent. interest, made him liable, altogether, for the payment of more than 8 per cent. for the use of the money borrowed, and that therefore the contract was infected with usury. We do not think this defense meritorious. There was no allegation that the stipulation for the payment of the premium was made with intent to evade any law of this State against usury, and the defendant's engagement to pay such premium was really no more than an undertaking to pay the expense of transporting the plaintiff's money to New York. This was, in effect, making the money payable in New York, and this alone would not render the contract usurious.

5. The plaintiff sought to recover premiums which he alleged he had been compelled to pay upon fire-insurance policies because of the defendant's failure to keep the same in force, as he had agreed to do. The answer contained a general averment that these insurance policies were "void because

not properly framed." The demurrer to this portion of the answer alleged specially that it was bad for the reason that it did not point out any defect in the policies. It requires no argument to show that this special demurrer was well taken.

6. In answer to that paragraph of the plaintiff's declaration which sought a recovery for the insurance premiums, the defendant alleged that he was not "indebted to petitioner, under the said contract, in the sum alleged," and further averred that "the other allegations of the paragraph he neither admits nor denies, for want of sufficient information." We think this portion of the answer was sufficient to raise an issue and to put the plaintiff on proof that he in fact paid the premiums as alleged, and to require him to produce evidence as to the amount so paid.

7. The court therefore erred in sustaining the demurrer to that portion of the defendant's answer just above mentioned. This, however, was the only error committed at the trial, and we have given directions by which the same may be cured and the judgment below may lawfully stand.

*Judgment affirmed, on conditions. All the Justices concurring.*