## FULGHUM *v.* BECK DUPLICATOR COMPANY.

1. The rights of the parties were in substance determined by the former ruling in this case, reported in 118 *Ga.* 836.
2. In the light of that decision the amended pleas did not show any damage or set out facts sufficient to entitle the defendant to the recoupment or rescission prayed for.

Argued October 20,— Decided November 12, 1904.

Complaint.   Before Judge Hodges.   City court of Macon.   January 7, 1904.

*Davis & Turner* and *Hardeman & Jones,* for plaintiff in error.
*Charles Cork* and *Estes & Jones,* contra.

LAMAR, J.   This was a suit for the purchase-money of patent articles sold by the Beck Duplicator Company to Fulghum, with an agreement that the latter was to have the sole right to sell the same in Macon and vicinity.   He defended by alleging that his appointment had been by Beck, a member of that firm, and not by the partnership itself; that subsequently the partnership had appointed the Columbia Typewriter Manufacturing Company as sole agent for the State of Georgia; that he had heard of this appointment in May, and was convinced of its truth in July, and thereupon offered to rescind by tendering to the plaintiff all the

goods on hand, and the "purchase-price" of all those previously sold. It is probable that the appointment of Fulghum as sole agent by Beck was binding on the firm. It certainly became so when the partnership accepted the order, shipped the goods, and sued for the purchase-price under the contract. Nothing in the amended plea takes the case out of the ruling on the former hearing (118 *Ga.* 836), that Fulghum could have maintained his territory against the Columbia Company, which was subsequently appointed agent for the whole State. Besides this, the amended plea does not cure the defect which was held to exist in the former; for it nowhere alleges that the Columbia Company had attempted to invade the defendant's territory, or that by reason of the second appointment he had been unable to sell the goods, or, indeed, that he had been in any manner interfered with or damaged. The plea alleges that the defendant had tendered the plaintiff the "purchase-price" of the goods previously sold; but it is impossible to say whether this was the price at which defendant had purchased, or the "price" at which he had sold the articles before learning of the second appointment, which he claims gave him the right to rescind. It is not probable that he sold for exactly what he gave. He can not repudiate the contract and claim the profits. Civil Code, §§ 3711, 3712; *Summerall* v. *Graham*, 62 *Ga.* 729; *Georgia Refining Co.* v. *Augusta Oil Co.*, 74 *Ga.* 498 (8).

The plea under which defendant sought to recoup for the breach was likewise defective. It nowhere set out any actual loss; and a reversal will not be granted a defendant in order to allow him to recover nominal damages for breach of such a contract. *Foote & Davies Co.* v. *Malony*, 115 *Ga.* 988 (4).

*Judgment affirmed. All the Justices concur.*