### 4459, 4615. LINAM *et al. v.* ANDERSON.

1. The demurrer to the petition was without merit.

2. Where a note contains a condition that a failure to pay any installment of interest when due gives to the holder thereof the right, at his election, to declare the note due and payable, the acceptance of a payment on the principal of the note before the note is due does not, without an agreement to that effect, prevent the holder from subsequently exercising the option above stated.

3. Where a note provides for the payment of ten per cent. on principal and interest as attorney's fees in the event the note is placed in the hands of an attorney for collection, on giving the statutory notice the plaintiff would have the right to recover this amount as attorney's fees, although the note had not matured by lapse of time, but had been declared due by the plaintiff, according to its terms, on failure to pay an installment of interest when due.

4. When a plea in abatement is demurred to on both general and special grounds, and the trial court renders a judgment thereon in the following language: "This demurrer is sustained and the plea in abatement is stricken," this judgment will be construed as applicable only to the questions raised by the general demurrer, and the questions raised by the special demurrer will be regarded as not adjudicated. The allegations of the plea in abatement, setting up that the plaintiff had made an agreement with defendants, in consideration of the payment by them of $500 on the note before the same was due, to waive the condition of the note giving the right at the election of the holder to declare the note matured upon a failure to pay any installment of interest when due, were sufficient to withstand a general demurrer.

5. A condition in a promissory note that in the event that any of the "interest coupons, or any part thereof, remain unpaid for the space of thirty days after the same shall have become due and payable, then the entire principal, with all arrearages of interest, shall immediately become due and collectible, at the option of the holder of this note," and a condition in a deed given to secure the payment of the note, that "if any of said interest coupons should not be promptly paid at its maturity, or should any tax or assessment accruing against said property become delinquent or liable to have execution issued therefor, then and in either of said events said principal note, together with all arrearages of interest thereon, shall at once become due and collectible at the option of the holder thereof," are not in conflict. But even if so, the condition of the note would prevail; and in the present case the principal note was declared due and collectible under the condition above referred to as set out in the note.

6. The allegations made by the answer were wholly irrelevant and immaterial, setting forth no defense whatever to the suit on the note; and therefore the answer was properly stricken on demurrer.

7. The evidence demanded the verdict as directed; and the judgment entered thereon, both in form and substance, was in accordance with the pleading and the proof.

DECIDED MAY 20, 1913. REHEARING DENIED JUNE 10, 1913.

Complaint; from city court of Atlanta—Judge Reid. September 14, 1912.

*T. O. Hathcock, J. F. Golightly,* for plaintiffs in error.
*Moore & Pomeroy, W. W. Hood, R. P. Jones,* contra.

HILL, C. J. This was a suit by Mrs. Laura D. Anderson against the defendants as makers of a promissory note, it being alleged in the petition that the defendants were indebted to the petitioner on said note in the principal sum of $10,500, that the original principal sum of the note was for $11,000, but that defendants had paid $500 of the principal, which payment was credited on the note, leaving the balance of the principal due $10,500. It was also alleged, that the defendants were indebted to the petitioner in the sum of $420 as interest on said principal sum up to February 23, 1912; that defendants had executed and delivered to petitioner coupon notes representing the interest to be earned upon the principal note; that the coupon note for $420 sued on was originally for the sum of $440, but that the payment of $500 on the principal had reduced the interest represented by this coupon note to the sum of $420. The principal note with the coupon note are made a part of the petition. It is also alleged, that according to the note and the deed to certain real estate therein described, which was given to secure the payment of the note, and the interest coupons, time was of the essence of the contract, and that a failure to pay any of the interest-coupon notes when due, or to pay the taxes when due on the real estate described in the security deed, would result in the holder of the note having the option of declaring the whole principal due, and that the defendants had failed to pay the interest-coupon note maturing February 23, 1912, and had likewise failed to pay the State and county taxes on the property described in the security deed referred to; for which reasons the principal note became due and was payable; and therefore suit is brought to recover the principal and the coupon note due February 23, 1912, and also ten per cent. of the principal and in-

terest as attorney's fees, under the stipulation of the note and the deed alleging that the statutory notice had been duly given as to attorney's fees. A demurrer to the suit was overruled, and exceptions pendente lite were preserved. Defendants also filed what was called a plea in abatement. It was demurred to generally and specially, the trial judge sustained the demurrer and struck the plea, and this judgment was excepted to. The rulings mentioned were brought to this court by direct bill of exceptions. Subsequently the case was reached for trial on the merits in the lower court. A motion was made to strike the answer, and (there being no offer to amend, after time had been allowed for amendment) the motion was sustained and the answer stricken; and thereupon a verdict was allowed against the defendants and in favor of the plaintiff, and judgment was entered accordingly for the various sums sued for. To the judgment striking the answer, and to the final judgment entered in the case, a writ of error was sued out to this court. Both cases are here now for review, and will be considered together.

We will endeavor to take up the questions raised by both records and decide them in the order in which they were made in the court below. First, as to the demurrer: The first ground of the demurrer is that the petition sets forth no cause of action. This being a plain suit on a promissory note, and containing all the allegations essential to such a suit, with copies of the note and of the security deed (a part of the same contract) attached to the petition as exhibits, it is manifest that this ground of the demurrer is without merit. The second ground of the demurrer is that there was a change in the contract, because $500 had been paid on the principal of the note; in other words, that the payment of the $500 on the principal changed the original contract to the extent of eliminating therefrom the right to declare the principal due on a failure to pay any of the coupon notes when due. This ground of the demurrer is manifestly without merit. We fail absolutely to understand why, as a matter of law, payment of any part of a note before due, by mutual consent of the parties thereto, in any manner affects or alters the terms of the original note or the character of the contract. The only effect such payment could have would be simply to reduce the principal of the note in accordance with the payment made thereon; and in the present case the pay-

47

ment of $500 reduced the principal of the note from $11,000 to $10,500, and also necessarily reduced in proportion the amount of the outstanding coupon notes. The third ground of the demurrer is "that the interest coupon due February, 1911, has been paid, and no judgment is prayed against defendants on said coupon note" We do not see the relevancy or materiality of this ground of the demurrer. It is true that the coupon note due February, 1911, had been paid, and therefore no judgment is asked for as to this; but why this fact should furnish any reason in law why the plaintiff would not have the right to declare the principal due upon the failure to pay a subsequent coupon note according to the contract is not apparent. The fourth ground of the demurrer is that attorney's fees are recoverable only where the defendants fail to pay the note at maturity and that the condition of the contract relating to the failure to pay interest represented by the coupon notes, in giving the option to declare, for such failure, the principal amount of the note to be due, would not authorize the recovery of attor-. ney's fees, but that such failure would only authorize the recovery of the principal and arrearages of interest. The note expressly provides: "If this note is not paid at maturity, and is put into the hands of a lawyer for collection, we severally and jointly agree to pay ten per cent. on principal and. interest as attorney's fees." Under this clause of the contract, upon giving the statutory notice, the plaintiff would have a right to recover attorney's fees, whether the note matured by lapse of time or by election of the plaintiff to declare it matured by failure to pay the interest as therein provided. In either event, if the plaintiff was compelled to bring suit to recover the amount of the note and interest, she would be entitled to attorney's fees. In other words, the right to recover attorney's fees depended entirely upon failure to pay the note at maturity, whether that maturity was by lapse of time or at the election of the holder of the note, according to its terms. We therefore conclude that there was no error in overruling the demurrer.

The plea in abatement is based upon the idea that the suit was brought prematurely, it being alleged that "the plaintiff in this case has waived her right to sue on the note before maturity, in this: that she did agree, on the 9th day of October, 1911, to receive, and did receive, not only four hundred and forty dollars and interest, the interest-coupon note then due, but she received

from these defendants five hundred dollars in cash, which sum paid the interest on said note for over six months and paid the interest due on February 23, 1912; and having agreed with these defendants to waive the original condition of the note, and receiving the money in advance, she can not now sue and recover on the note before its maturity; and she can not recover especially on this note, for the reason that all interest was duly paid October 9, 1911, and not only the interest paid to maturity, but five hundred dollars was paid on the note 4½ months before the coupon interest note due February 23, 1912, became due; and because the plaintiff knew at the time these payments were made that they, the defendants, so believed, that no suit would be filed on this note until its final maturity; and this they did believe and she knew they did believe it, and acting on this belief she accepted this sum of five hundred dollars, and she did not intend, at the time she accepted the five hundred dollars, to ever sue on the note before its maturity; and she did not at that time intend to claim a right to sue on the note by reason of the failure to pay the additional four hundred dollars on February 23, 1912." General and special demurrers were filed to the plea in abatement, and the trial judge passed an order thereon in the following language: "This demurrer is sustained and the plea in abatement is stricken." It is inferable from this order that only the questions raised by the general demurrer were decided. *Simpson* v. *Sanders,* 130 *Ga.* 271 (60 S. E. 541). Placing this construction upon the order, a majority of the court is of the opinion that the striking of the plea in abatement was erroneous, that the allegation therein made, that, in consideration of the payment by defendants of the sum of $500 on the note before the same was due (whether this payment was to be applied on the principal or in payment of the coupon note to become due February 23, 1912), the plaintiff agreed to waive her right to declare the whole note matured upon a failure to pay any subsequent installment of interest when due, was sufficient as against a general demurrer. The writer does not concur in this opinion. He thinks that the allegations are wholly insufficient to show any agreement, express or implied, to waive this condition of the note; and that the judgment striking the plea in abatement was correct. It may be that the trial judge struck the plea in abatement upon a consideration of all the questions raised by the demurrer, special

and general. But in view of the general language of his order, and
the absence of any evidence of an opportunity to amend, this court,
following the decision in the *Simpson* case, supra, must conclude
that he struck the plea on general demurrer, and did not consider
the questions raised by the special demurrers. This being true, we
have no jurisdiction to pass upon these questions, and we leave them
for the determination of the trial court.

The next ground of the plea in abatement is that "the conditions
in the note and the one set out in the deed are repugnant to each
other, and there is no expressed condition in the entire contract
making the note suable before maturity. The note and the security
deed together not stating that a default in payment of interest
or taxes would authorize a suit thereon, one stating that a suit
might be brought at once, and the other in thirty days, and as they
are in conflict with each other, these conditions in the note and
deed are void and will not authorize a suit before the maturity of
the note." If there were any conflict in the conditions relating to
this subject, the condition recited in the note would govern, for the
principle is that where a deed is given to secure the payment of a
note or bond, "the two instruments being made at the same time,
they are to be read and construed together as parts of the same
transaction, and hence the terms of the one may explain or modify
the terms of the other; and a stipulation or condition inserted in
the one is an effective part of the contract of the parties, although
not found in the other, provided there is no necessary inconsistency;
but in respect to the terms of the debt or interest, or the time for
its payment, if the note and mortgage contain conflicting provisions,
the note will govern, as being the principal obligation." 27 Cyc.
1135. We do not think, however, that there is any necessary conflict
between the terms of the note in this case and the terms of the
deed made to secure the payment of the note. If the defendants
sustain by proof the allegation of the plea in abatement, relating
to the waiver by the plaintiff of the condition of the note, this would
result in a dismissal of the suit because prematurely brought. If
the plea is not sustained, the disposition made of the case by the
trial court on the merits, and the judgment of this court on the
questions raised in that record, should end the litigation. We will
now consider and decide these questions.

First, the court disallowed an amendment to the plea which al-

leged, in substance, that the suit was begun prematurely, in that the coupon note for $420, claimed as interest, and due February 23, 1912, on default of payment of which the principal had been declared due, had in fact been paid before the notice was served, and that there was no interest due on the note at the time it was sued on, and that the defendants were not delinquent in the payment of taxes or interest as alleged in the petition. The matter of this amendment related to a plea in abatement and should have been made a part of that plea when the same was before the court on demurrer. It was a dilatory plea which went, not to defeat the right of the plaintiff to recover, but merely to the right of the plaintiff to file suit at the time she did; and this plea should have been filed at the first term. It was not filed then, but was filed after a lapse of some three terms; and therefore it was too late. *Realty Co.* v. *Ellis,* 4 *Ga. App.* 402 (61 S. E. 832); *Johnson* v. *Dodge Mfg. Co.,* 7 *Ga. App.* 231 (66 S. E. 548); *Kilcrease* v. *Johnson,* 85 *Ga.* 600 (11 S. E. 870).

Considered as a plea to the effect that the interest had been paid, as well as the taxes, the allegations are too vague and indefinite, and it was incumbent upon the pleader to relate when, how, to whom, and by whom the payment was made. *Thomas* v. *Seisel,* 2 *Ga. App.* 663 (58 S. E. 1131). A plea which fails to allege when, how, and to whom payment was made is properly stricken on demurrer. *Wortham* v. *Sinclair,* 98 *Ga.* 173 (25 S. E. 414).

The writ of error further challenges the correctness of the striking of the defendants' answer on demurrer. This answer is quite voluminous, and the demurrer thereto is even more so. We have examined the answer and the demurrer very carefully, and we have come to the conclusion that the answer sets up no defense, that the averments thereof are wholly irrelevant and immaterial, and that there is no error in the judgment striking the answer. The answer was clearly ambiguous, uncertain, evasive, irrelevant, and immaterial, going largely into transactions which had no pertinency to the suit on the note, or any defense thereto; and for these reasons the court did right in striking it. *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.,* 2 *Ga. App.* 88 (58 S. E. 316); *Brinson* v. *Birge,* 102 *Ga.* 802 (30 S. E. 261).

Error is next assigned upon the judgment, because it is said that the judgment is for $10,920 principal, while the amount of the

principal alleged in the petition was only $10,500. It will be seen, by reference to the petition, that the suit is on a principal note which was originally for $11,000, but that a payment of $500 had been made on this principal, which reduced it to $10,500, for which suit was brought; that in addition to this, suit is also brought upon a coupon note of the denomination of $440. This note reads: "On the 23rd day of February, 1913, we, jointly and severally, promise to pay to the order of Laurie D. Anderson, four hundred and forty dollars, at Atlanta, Georgia, with interest at the rate of eight per cent. per annum after maturity," etc. The amount of this coupon note was reduced, by the payment of the $500 on the principal, to the $420 which was sued for. It follows, therefore, that the plaintiff claimed the principal of $10,500 which had matured, and which bore interest from February 23, 1912, and likewise claimed the amount of the coupon note of $420, which matured on the same day, also bearing interest from that date at 8 per cent. per annum, or a sum total of $10,920, upon which principal sum the plaintiff was entitled to future interest at 8 per cent. per annum. It is wholly immaterial whether the sum represented by the $420 coupon note be called principal or interest. It is all the same to the defendants, whether called principal or interest. We think, under these facts, that the verdict and judgment in favor of the plaintiff were correct. *Union Savings Bank* v. *Dottenheim,* 107 *Ga.* 606; 614 (34 S. E. 217); *Smith* v. *Champion,* 102 *Ga.* 92 (29 S. E. 160). In view of the fact, however, that the judgment striking the plea in abatement is reversed, the affirmance of the judgment striking the answer and directing a verdict and entering up judgment for the plaintiff will not be effective or made the judgment of the court below, unless the defendants fail to prove the allegations of the plea in abatement. If the plea in abatement is sustained, the suit will be dismissed as having been prematurely brought; if the plea in abatement is not sustained, then the judgment of affirmance in striking the answer and directing a verdict for the plaintiff will be made the judgment of the trial court.

*Judgment reversed in part, and affirmed in part, with direction.*

Russell, J., dissenting. This court considered together the two writs of error in the same case. In the first bill of exceptions error was assigned upon the ruling on the plea in abatement. After the trial judge had stricken the plea in abatement the case proceeded

to trial, and the trial resulted in a judgment in favor of the plaintiff, and the defendants filed their bill of exceptions, complaining, among other things, of the overruling of their motion for new trial. A majority of this court is of the opinion that the judge erred in striking the plea in abatement, and I concur in this judgment. This ruling disposes of the first of the writs of error. I can not agree to the conditional judgment of affirmance rendered upon the second writ of error. I think it perfectly well settled that since the trial court erred in striking the plea in abatement, all subsequent proceedings in the trial were nugatory, and that the second bill of exceptions should be dismissed as having been prematurely brought. In my opinion, nothing is better settled than that where a plea in abatement which would entirely bar a recovery has been filed, the issue therein raised must be legally determined before there can be an adjudication upon the merits of the case, unless, under the peculiar circumstances of the particular case, the plea in bar and the issue upon the merits can legally be tried together.

In a case such as the one before us this court can not know what would have been the result if the issue formed by the plea in abatement had been tried. If upon the plea in abatement the defendant had prevailed, the result would have been that the suit would have ended. Since we can not know what the result may be in the hearing which we now order upon the plea in abatement, we should not, in my opinion, prejudge, and perhaps prejudice, the rights of the plaintiffs in error in the second bill of exceptions, by denying to them what I consider they were legally entitled to—a trial upon the merits *after* a legal adjudication upon the plea which we hold should have been submitted to a jury.