### 15257.  WORRILL, executor, *v.* HIGHTOWER MULE COMPANY.

There is nothing in the note sued on that takes it out of the rule as to the application of payments made on debts, as laid down in section 3433 of the Civil Code of 1910.

The court erred in granting a nonsuit.

DECIDED JUNE 10, 1924.  REHEARING DENIED JULY 15, 1924.

Complaint; from Upson superior court—Judge Searcy. November 21, 1923.

Suit was brought on a note which reads as follows: "$5553.65. Thomaston, Ga.  May 24th, 1920.  May 24th, 1925, after date we promise to pay to the order of P. C. Parks five thousand five hundred fifty-three & 65/100 dollars, for value received, payable at Thomaston, Ga., with interest from date at the rate of 7 per cent. per annum, with all cost of collection, including ten per cent. attorney's fees.  Interest payable annually, and if not paid, note becomes due.  And each of us, whether maker or endorser, hereby severally waives and renounces for himself and family any and all homestead and exemption rights he may have under or by virtue of the constitution or laws of the State of Georgia or the United States as against this note or any renewal thereof.  Witness my hand and seal the day and year above written.  Hightower Mule Company (L. S.)   By A. B. Colquitt, V. P. (L. S.)  Witness, F. M. Lucas."  Across the face of the note was written: "Maker may pay this note any time before maturity by paying principal and accrued interest to date of payment.  P. C. Parks."

On the back of the note were the following credits: "May 31, 1920, $625.00, Nov. 15, 1920, $658.75, Feb. 10, 1921, $180.00." The petition alleges that the defendant "has failed and refused to pay the interest annually as stipulated for in said note, although repeatedly requested by the petitioner to do so; that according to the express stipulation of the note both principal and interest became due upon such default." The defendant's plea admits that the defendant is "indebted to plaintiff in the sum of $5,553.65 principal, but denies that any interest is due on said amount at this time, and denies that it is liable for any attorney's fees, and it also denies that said note is now due." The defendant further pleaded that "it was understood between all the parties at the time said note was made that nothing but the interest on said note was to be paid unless this defendant saw fit to take up all of said note before it was due, and if the interest was paid then, said note would not become due until the due date named in same; that it was optional with the defendant only as to whether it would pay the principal or any part of same before the due date named in said note, and this stipulation was incorporated in said note. Since the making of said note this defendant has sold to the plaintiff property and paid him money aggregating the sum of $1,588.75, and this money was paid as interest on said note, and under the terms of said note the same was not due at the time plaintiff elected to declare said note due, because there was no interest due on same, as said interest had been paid and is now paid, and none will be due until May 24th, 1925, as the interest has been paid up to and beyond May 24th, 1924."

On the trial the note was introduced in evidence. The only witness offered was W. O. Parks, who testified for the plaintiff that he was vice-president of the Hightower Mule Company, and that he "did not know of the $100 payment on the note (which was made after suit was brought), but that the other credits thereon were not paid as interest, and that in all these payments nothing was said as to the payments being paid as interest." A nonsuit was granted, on the ground that "it appeared that there had been no default in the payment of interest due on said note, and that no part of said note was due at the time suit was filed." To this judgment the plaintiff excepted.

*W. M. Dallas, Cleveland & Goodrich,* for plaintiff.
*James R. Davis,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.)

Section 3433 of the Civil Code (1910) provides that "When a payment is made upon any debt it shall be applied first to the discharge of any interest due at the time, and the balance, if any, to the reduction of the principal." There is nothing in the note upon which suit was brought to take it out of this general rule. The 2d headnote in *Linam* v. *Anderson,* 12 *Ga. App.* 735 (78 S. E. 424), is as follows: "Where a note contains a condition that a failure to pay any installment of interest when due gives to the holder thereof the right, at his election, to declare the note due and payable, the acceptance of a payment on the principal of the note before the note is due does not, without an agreement to that effect, prevent the holder from subsequently exercising the option above stated." In the opinion in that case Chief Judge Hill (p. 737) said: "The second ground of the demurrer is that there was a change in the contract, because $500 had been paid on the principal of the note; in other words, that the payment of the $500 on the principal changed the original contract to the extent of eliminating therefrom the right to declare the principal due on a failure to pay any of the coupon notes when due. This ground of the demurrer is manifestly without merit. We fail absolutely to understand why, as a matter of law, payment of any part of a note before due, by mutual consent of the parties thereto, in any manner affects or alters the terms of the original note or the character of the contract. The only effect such payment could have would be simply to reduce the principal of the note in accordance with the payment made thereon." In the case under consideration the last payment on the note prior to suit was made February 10, 1921. There was therefore due on May 24, 1921, the date when the first annual payment of interest was due, the interest that had accumulated on the remainder of the principal after applying the payments according to the provisions of the section of the code to which reference is made above, and the failure to pay this interest on May 24th, 1921, matured the note. The court erred in granting a nonsuit.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*