# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1924

---

### 15647. GILFORD *v.* GREEN.

1. A contract providing that on default as to payment of one or more of a series of installment notes, the remaining notes of the series shall become due and payable operates to mature the entire debt upon the default, and not merely to give the creditor an option to treat the whole debt as due or not.

(*a*) Where a vendor of land executes to the purchaser a bond for title, and the purchaser executes to the vendor notes for the purchase-money according to the stipulations and recitals of the bond, the bond and the notes constitute but one contract.

(*b*) Where in such entire contract there is a clause accelerating the maturity of the notes, the notes may become matured thereunder, as between the immediate parties, although the clause may be contained only in the bond for title.

2. A plea in abatement to a suit upon notes, upon the ground that the suit was filed before their maturity, is properly stricken, on demurrer, where it appears from the plea that it is based solely upon the facts alleged in the petition, and where it further appears that under such facts the suit was not prematurely brought.

(*a*) Where a plea in abatement, based on such ground, to a suit for money upon a written obligation, alleges no facts for the abatement, and the *conclusions* of the pleader are contradicted by the stipulations of the contract sued on, it is subject to general demurrer.

3. It plainly appears that if the defendant has any right upon the facts alleged in the answer, it arises from the plaintiff's breach of a contract subsequent to that upon which the suit was based; and, assuming that such contract and breach appear, a demurrer to the answer was nevertheless. properly sustained because of the failure of the answer to allege any amount of damage as a result of the breach.

DECIDED OCTOBER 16, 1924.

Complaint; from city court of Thomasville—Judge Hammond.
March 31, 1924.

*H. H. Merry, L. S. Moore,* for plaintiffs in error.

*W. I. MacIntyre, J. E. Craigmiles,* contra.

BELL, J.   Dollie F. Green brought suit against D. C. and Annie
Gilford upon notes.   The petition alleged, that on March 24, 1919,
petitioner entered into a written contract whereby she agreed to
sell, and the defendants agreed to buy, a certain tract of land for
the consideration of $1100.   The contract was attached to the peti-
tion, and recited the payment of $50 in cash and the execution by
the defendants of 110 promissory notes for $10 each, the first note
to become due on May 22, 1919, and one note to mature on the 22d
day of each month thereafter until the entire series should be paid.
It was stipulated in the contract that "upon the failure to pay three
notes, the whole debt becomes due."   The vendor was bound by the
instrument to execute titles on payment of all the notes.   The
petition further alleged, that upon the lot at the time of the sale
there was a residence which the plaintiff insured to protect her
own interest, her security being otherwise insufficient, and that the
residence was subsequently destroyed by fire.   Petitioner, on May
1, 1922, collected $600, the amount of the insurance, from which,
after deducting $18 paid for the premium, there remained the sum
of $582, which the petition alleged "should be credited as a pay-
ment as of the date of May 1, 1922."   It was further alleged that
immediately after the contract of sale the defendants went into
possession of the property, and that they paid 23 of the 110 notes
as they became due; "since which time defendants fail and refuse
to pay any of the unpaid 87 notes, all of which are now in default
and are payable in full, because defendants defaulted in the pay-
ment of as many as three notes, this maturing all of them as
provided in the contract."   The prayer was, to recover the amount
of the 87 unpaid notes, less a credit of $582, as of the date of May
1, 1922.   There was no accelerating clause in any of the notes;
this appeared only in the sales contract or bond for title.

The defendant filed a plea in abatement as follows:   "1st.   That
according to the terms of the petition filed in this case, the amount
of $600 collected by the plaintiff should be applied, and was ap-
plied, to the payment of the promissory notes sued upon, and there-
fore it appears that all notes that would have matured up to the

date of the filing of the petition have been paid, and that none of the notes sued upon were, at the time of the filing of the petition, due and payable. 2d. The notes sued upon are not due, and the action brought is premature. 3d. The notes sued upon, if they be a valid and binding obligation at all, will not become due and payable until July 22, 1926."

The effect of the answer was to admit that none of the 87 notes had been paid, but it was denied that there had been any default. Construing the answer as a whole, it appears, however, that the insistence on the part of the defendant that there had been no default was based solely upon the facts that the plaintiff had collected the insurance, amounting to more than the sum represented by the notes mature by their face at the time of its collection, and the further facts alleged in the answer, as follows: 5th. That the building on the said premises and which was insured was the main consideration of the trade, the lot being of very slight value. 6th. That when the said insurance was collected as mentioned in plaintiff's petition it became necessary for defendants to indorse the check given in payment of the said insurance, and defendants so indorsed said check and delivered the same to plaintiff, and thus permitted her to collect the insurance, upon the understanding and agreement with plaintiff that she would within a reasonable time replace the said building on said premises, and this she has totally failed and refused to do, so that defendants have been forced to procure and provide for themselves continuously, since the burning of the said building, another home. 7th. By reason of the foregoing the plaintiff rescinded the contract of purchase and sale, but nevertheless wrongfully retains all of the benefits of the contract, including all payments made by the defendants, their notes, the insurance-money collected, and the title to the property. 8th. Defendants have paid to plaintiff $50 cash at the time of the trade, $230 in notes as they matured, besides the interest on said notes, and have paid the taxes accruing on the property. The total amount of principal and interest paid by the defendants to the plaintiff (including revenue stamps of $2.20) is $297.50. The defendants prayed judgment against the plaintiffs for this amount.

The court, on demurrer, struck the plea in abatement and also the answer, and rendered judgment for the plaintiff. The defendants excepted.

1.  A contract providing that on default as to payment of one or more of a series of installment notes the remaining notes of the series shall become due and payable operates to mature the entire debt upon the default, and not merely to give the creditor an option whether to treat the whole debt as due or not.   The debtor owes the creditor the duty of paying the entire amount at once, and the partial performance of this obligation by the immediate payment of a part of the aggregate debt thus due would not in any wise affect the existing maturity of the whole, although such payment amounted to more than would have been due but for the default. The mere acceptance of such part payment would in no sense amount to a waiver of the prior default or undo the maturity of the remainder of the indebtedness and set it forward to the dates originally fixed therefor respectively in the remaining unpaid notes. *Sneed* v. *Wiggins,* 3 *Ga.* 94; *Kilcrease* v. *Johnson,* 85 *Ga.* 600 (3) (11 S. E. 870) ; *Cooper* v. *Ricketson,* 14 *Ga. App.* 63 (1) (80 S. E. 217) ; *Mayor &c. of Griffin* v. *City Bank,* 58 *Ga.* 584 (1) ; *Alexander* v. *Chipstead,* 152 *Ga.* 851 (4), 861 (111 S. E. 552).

The installment notes and the sales contract, or bond for title, in this case constitute but one contract.   *Horne* v. *Evans,* 31 *Ga. App.* 370 (2) (120 S. E. 787).   The accelerating clause was contained only in the bond for title.   According to the weight of authority, the stipulation in that writing alone had the effect of fixing a contingency the happening of which matured the notes. *Smith* v. *Champion,* 102 *Ga.* 92 (3) (29 S. E. 160) ; San Antonio Association *v.* Stewart, 94 Texas 441 (1) (2) (61 S. E. 386) ; Voris *v.* Ferrell, 57 Ind. App. 1 (3) (103 N. E. 122) ; Miles *v.* Hamilton, 106 Kan. 804 (1) (189 Pac. 926, 19 A. L. R. 276) ; Parker *v.* Olliver, 106 Ala. 549 (1) (18 So. 40) ; Spesard *v.* Spesard, 75 Kan. 87 (3, 4) (88 Pac. 576) ; Snyder *v.* Miller, 71 Kan. 410 (69 L. R. A. 250, 114 Am. St. Rep. 489) ; 17 R. C. L. 771, § 139.   There is some authority to the contrary, however, upon the idea that, in such a case, the provisions as to maturity contained in the notes being in conflict with the stipulation in the other writing, all should be construed together as parts of a single contract, and effect given to each.   Thus, in those jurisdictions where, in such circumstances, the accelerating clause is considered not effective to mature the notes themselves, it is generally held that the creditor, upon the happening of the contingency, may

proceed to enforce the other writing; as, for instance, by fore-closure, if it be a mortgage, or by proceeding against the security in such way as may be permissible according to the nature of the contract and the laws appertaining thereto, even though he is not permitted at that time to sue upon the notes. Some of the cases applying this rule are: Owings *v.* McKenzie, 133 Mo. 323 (5) (33 S. E. 802, 40 L. R. A. 154); McClelland *v.* Bishop, 42 Ohio St. 113 (4); and see 2 Randolph on Commercial Paper, 1581, § 1050 (a).

It is a well-recognized rule that the construction that will uphold a contract in whole and in every part should be preferred, and the whole contract should be looked to in the construction of any part. Civil Code (1910), § 4268 (3). But we think that the class of cases just referred to present clear instances of a misapplication of this principle. The notes and the bond for title being parts of the same contract, a stipulation in the bond for title should have the same effect as if contained in the notes; the only difference is one of position. There is indeed no conflict between the provisions of the note and the accelerating clause in the bond for title. If the notes had provided that under no circumstances should the maker be called upon to pay until a certain date specified, a conflict would exist. Construing all the documents together, the dates of maturity as fixed in the notes are necessarily subject to the accelerating clause in the bond for title. In such a case the maker promises to pay on a certain day, and earlier on condition. In *Smith* v. *Champion,* 102 *Ga.* 92 (3) (29 S. E. 160), cited above, the accelerating clause was held to be operative upon the notes themselves, although contained only in a contemporaneous writing. The exact point here under discussion does not appear to have been made in that case, but the court's ruling seems broad enough to cover it.

We are not concerned in this case with the question as to what should be the rules applicable to a situation where the notes were transferred but the security was retained by the original creditor, or where a third person acquired notes past due in fact because of the happening of the contingency provided in the accelerating clause, but not so appearing by the face of the papers themselves. See Voris *v.* Ferrell, supra; Sweet *v.* Stark, 31 Fed. 858 (2). Here the questions are between the original parties.

It appears by the petition that there had been a default in more

than three of the notes at the time the plaintiff collected the insurance money. Upon such default the entire amount then unpaid became due instanter, and the receipt and credit of the insurance money on May 1, 1922, was nothing more than a partial payment upon a past-due indebtedness.

The plaintiff might perhaps have been entitled to hold the insurance money as security for the debt, just as she held title to the building for that purpose before its destruction, without applying or crediting it as a payment; but it is also unnecessary to pass upon this question, since we construe the petition as alleging that the fund was credited. She alleges it should be credited as of the date it was received, and the law presumes that done which ought to have been done. See cases cited in note, 11 A. L. R. 1301; Civil Code (1910), § 4523.

2. The plea in abatement, construed as a whole, shows no facts in denial of the maturity of the debt sued on except those appearing from the petition itself, and they in themselves are such as to disprove the plea; but even if we considered each paragraph of the plea as setting up distinct matter in abatement, it still was subject to demurrer as a whole, for the reason that paragraphs 2 and 3 contained conclusions only, and under the parol-evidence rule the court properly disregarded mere conclusions of the pleader which were contradicted by the stipulations of the contract covering the maturity of the debt. *Finleyson* v. *Liverpool &c. Ins. Co.*, 16 *Ga. App.* 51 (84 S. E. 311); Civil Code (1910), § 5788; *Kilcrease* v. *Johnson*, 85 *Ga.* 600 (3), 602 (11 S. E. 870).

3. The answer failed to set up sufficient facts to show a rescission by reason of which the defendant might be enabled to recover the amounts paid. If it shows any right in the defendants at all for the failure of the plaintiff to rebuild the house, assuming a valid contract to that effect based upon a consideration, such right arose from the plaintiff's breach of a contract subsequent to that upon which the suit was based, and no defense was set forth, for the reason, independently of any others that may exist, that the defendant failed altogether to allege any amount of damage resulting from such breach, *Copeland* v. *White*, 17 *Ga. App.* 565 (2) (87 S. E. 846); *Fulghum* v. *Beck Duplicator Co.*, 121 *Ga.* 273, 274 (48 S. E. 901); *Chambers* v. *Walker*, 80 *Ga.* 642 (7) (6 S. E. 165); *Foote*

& Davies Co. v. Malony, 115 Ga. 985 (4) (42 S. E. 413); Civil
Code (1910), § 4397.

Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.