## 18493.   MATTHEWS *v.* COLLIER.

Refusal of the purchaser to surrender possession of the land was not a condition precedent to suit on purchase-money notes, where the principal note provided that the principal amount, in the discretion of the holder, should become due on the date of default in the payment of either of the interest notes, and where the contract of sale provided as follows: "Failure of said party of the second part [the purchaser] to pay either or any of said promissory notes upon their maturity shall have the effect of maturing the entire contract of sale, and shall make each and every one of said purchase-money notes due and payable;" although it was added: "and upon failure of said party of second part to surrender the possession of said lands in such event, then the said party of the first part shall have the right to immediately commence his suit on all of said unpaid promissory notes."

DECIDED MARCH 7, 1928.

Complaint; from city court of Barnesville—Charles H. Griffin, judge pro hac vice. August 31, 1927.

*Claude Christopher,* for plaintiff in error.

*Cleveland & Goodrich,* contra.

LUKE, J. Collier sued Matthews upon two promissory notes, one for $3237.01, and the other for $258.96, both notes being dated March 1, 1922, and being due March 1, 1927. The court directed a verdict for Collier, and Matthews excepted.

The defendant in the court below denied indebtedness, and pleaded that on March 1, 1922, he contracted to purchase sixty acres of land from Collier; that the larger note was for part of the purchase-price of the land, and that the other note was an interest note; that the original purchase-price of the land was $6000, and that he paid the full purchase-price with the exception of the part of it represented by the notes sued on; "that the contract . . provided that in the event defendant defaulted in the payment of said purchase-price, he was then to turn said land back to the plaintiff, and in the event he refused to turn the said land over to plaintiff, then plaintiff was to have the right and privilege to sue on the note given for the purchase price of said land;" and "that he never refused to turn over said land to the plaintiff, but repeatedly tried in vain to get him to accept the land in full satisfaction of the purchase-price, which plaintiff has always refused to do."

The plaintiff introduced the notes sued on and rested. The de-

Vendor and Purchaser, 39 Cyc. p. 1913, n. 19 New.

fendant introduced the sales contract, which recited that in consideration of $1 and $7237.01, evidenced by a note payable March 1, 1927, and five interest-coupon notes due on March 1 in the respective years 1923, 1924, 1925, 1926, and 1927, Collier sold to Matthews a certain tract of land; and that upon payment of all of said notes as they matured, Collier would make fee-simple title to Matthews to said tract. The part of the contract most important in the decision of this case follows: "Failure of said party of second part to pay either or any of said promissory notes upon their maturity shall have the effect of maturing the entire contract of sale, and shall make each and every one of said purchase-money notes due and payable; and upon failure of said party of second part to surrender the possession of said lands in such event, then the said party of the first part shall have the right to immediately commence his suit on all of said unpaid promissory notes, including principal, accrued interest, and attorney's fees." The plaintiff in error contends that under the contract "the right of action on the notes is suspended until defendant refuses to deliver the possession of the land." We can not accede to this construction of the contract. Collier was not bound to accept "the possession of said lands;" nor is there any stipulation that the offer to surrender the possession of the land would settle the debt. The clause of the contract under consideration merely states the conditions under which the notes can be sued on before their due dates. Furthermore, the entire contract between the parties is not evidenced by the sales contract alone, but by both it and the notes declared upon (*Gilford* v. *Green*, 33 *Ga. App.* 1, 4, 125 S. E. 80) ; and the principal note provides that, "should any default be made by me in the payment of either interest note hereto annexed as agreed and stipulated, . . then the principal of this obligation and all interest accrued thereon, in the discretion of the holder, shall become due and payable at the date of such default." Collier had the right to wait until the two unpaid notes were due, before bringing suit on them, and the evidence demanded a verdict in his favor. All the special assignments of error are based upon the refusal of the court to allow evidence to be introduced. They are all controlled by the foregoing reasoning, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*