20019. Tiedeman Mortgage & Finance Co. *v.* Carlson.

Stephens, J. 1. Where a contract for the payment of money in installments at different dates provides that, upon default in the payment of any one of the installments when due, the entire indebtedness becomes due, and the contract contains no provision accelerating the maturity of the installments at the creditor's option, the default operates automatically and ipso facto, without any option on the part of the creditor, to render the entire indebtedness due. *Gilford* v. *Green,* 33 *Ga. App.* 1 (125 S. E. 80); Perkins *v.* Swain, 35 Idaho, 485 (207 Pac. 585, 34 A. L. R. 894).

2. A contract for the payment of money in installments, which provides that if any installment "shall become due and remain unpaid in whole or in part" all the installments "shall become due and payable forthwith, and any payments made hereon after any default or violation of any of the terms and conditions of this contract shall be treated only as payments on account of the full amount of this contract and not as payments of any installment shown herein . . ," is a contract by which it is provided that, upon default in the payment of any one of the installments when due, the remaining installments automatically and ipso facto, and not at the option of the creditor, become due and payable immediately.

3. Where a contract of sale provides for the payment of the purchase-money in installments due at different dates, and a series of promissory notes for the payment of these installments are executed contemporaneously with the contract of sale, and where the notes, as provided in the notes themselves, form part of the contract of sale, notwithstanding there is not in any of the notes a clause accelerating the due dates of the other notes, a clause in the contract accelerating the payment of all the installments upon default in the payment of one of them when due, will be read into the notes, and a default in the payment of one of the series of notes when it is due operates automatically and ipso facto to render due the entire indebtedness represented by all the notes. *Gilford* v. *Green,* supra.

4. Where, by reason of the debtor's default in the payment of one of the installments under a contract, all the installments have become due, a judgment for the plaintiff, in a suit to recover on only some of the installments, is res judicata of the plaintiff's right to recover, in another suit, the amounts represented by the other installments. *Atlanta Elevator Co.* v. *Fulton Cotton Mills,* 106 *Ga.* 427 (32 S. E. 541); *Jones* v. *Schacter,* 29 *Ga. App.* 132 (114 S. E. 59), and cases there cited.

5. The trial judge did not err in overruling the demurrer to the defendant's plea of res judicata and in afterwards directing a verdict for the defendant.    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED APRIL 21, 1930.

*Emanuel Lewis, Lewis A. Mills,* for plaintiff.
*Marvin O'Neal Jr., Gilbert E. Johnson,* for defendant.