No. 8278.

STEPHENS ET AL. *v.* THE HUNTINGTON AND DROVERTOWN BUILDING, LOAN AND SAVINGS ASSOCIATION.

PROMISSORY NOTE.—*Action for Full Amount.*—*Part Payment of Amount in Default.*—After action brought upon a note given to a building associa- tion, such note being wholly due because of default in payment of in- terest, association fines and dues, no payment of a part or all of the amount in default, in the absence of an agreement, would have the ef- fect to render the note not due.

SAME.—*Evidence.*—*Conflicting Testimony as to Terms of Agreement.*—On trial of such action, the testimony of the parties as to the terms of such an agreement being in conflict, the Supreme Court can not say that the trial court erred in finding that they had not been complied with.

From the Huntington Circuit Court.

*B. M. Cobb* and *D. C. Anderson,* for appellants.

*J. M. Hatfield,* for appellee.

MORRIS, C.—This action was brought to foreclose a mort- gage, given by the appellants to the appellee to secure the payment of a note executed by Conrad Stephens to the ap- pellee. The note is as follows :

"$450.00. HUNTINGTON, IND., September 7, 1874.

"For value received, I promise to pay to the order of Huntington and Drovertown Building, Loan and Savings Association, of Huntington county, Indiana, four hundred and fifty dollars, eight years after the date of the incorpora-

tion of said association, viz. : May the 5th, 1873, or when said association shall be declared by its board of directors' legally ended ; interest at the rate of six per cent. per annum, payable in equal weekly instalments on Saturday of each week ; and I further promise and agree that should the weekly instalments thereon of interest as aforesaid remain due and unpaid for three months, or should my stock in said association be forfeited for the non-payment of the weekly instalments of dues, or for any fines or assessments thereon, or for the non-payment of the taxes, ground rents or fire insurance premiums on the property mortgaged to said association to secure the payment of this note, for three months after the same becomes due, as provided by the constitution and by-laws of the association, then, and in either case, the whole amount of principal and interest of this note, together with all unpaid dues, fines and assessments on the shares of stock of said association owned by me, and all ground rents, fire insurance premiums and taxes paid or advanced by said association on said mortgage, shall become immediately due and collectible, all without relief from valuation or appraisement laws ; and should this note be collected by suit, the judgment shall include the reasonable fee of plaintiff's attorney.                         CONRAD STEPHENS."

It was averred in the complaint that the appellant Conrad Stephens had neglected and failed to pay to the appellee the weekly instalments of interest, dues and fines for a period of more than three months ; that there was due fifty dollars of interest on the note, fifty dollars of fines, and seventy-five dollars of dues ; that, by such default in payment, said note had become due, etc,

The appellants answered the complaint by a denial. They also filed an answer of partial payment, to which the appellee replied by denial.

The cause was submitted to the court. Finding for the appellee. Motion for a new trial overruled and judgment

Stephens *et al. v.* The Huntington and Drovertown, etc., Association.

for the appellee for $500, and a decree foreclosing the mortgage.

The overruling of the motion for a new trial is assigned as error.

We think the testimony in the case sustains the finding of the court. It was shown that interest on the note had been delinquent for more than three months prior to the commencement of the suit. This is not denied, but it is insisted that the appellee, through its attorney, agreed, after the suit was commenced, that if the appellant would pay $35, part of the amount for which he was in default, it would dismiss the suit; that he did pay the $35, leaving less than three months' interest on the note due and unpaid at the commencement of the suit. But the attorney of appellee swears that such was not the agreement; that the appellant Conrad was to pay the whole amount due and in default at the commencement of the suit; that he failed to do this, and hence the suit was not dismissed. By the default to pay as agreed in the note, the sum secured by it became due. No subsequent payment of a part or all of the amount in default, in the absence of an agreement, would have the effect to render the note not due. The agreement as testified to by Mr. Hatfield, the appellee's attorney, was not performed by the appellants. They can not require the appellee to observe the terms of an agreement which they have themselves disregarded. The court below seems to have acted upon the testimony of Mr. Hatfield. We can not say that in this the court erred. The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.