No. 14,187.

## MERRELL v. SPRINGER.

PROMISSORY NOTE.—*Payable to Lender's Son.*—*Sale of without Lender's Knowledge After Maturity.*—*Replevin.*—The plaintiff made a loan of her own money, taking a note therefor from the borrower in the name of her son, this being done to prevent her husband, a drinking man, who was in the habit of appropriating her money to his own use, from obtaining possession of the money represented by the note. The son, without the knowledge or consent of the plaintiff, took the note from her possession and sold it after maturity for a valuable consideration to a third party without notice.

*Held,* that the purchaser acquired no better title than his vendor, and that the plaintiff is entitled to recover possession of the note. *Moore* v. *Moore,* 112 Ind. 149, distinguished.

From the Fayette Circuit Court.

*R. Conner* and *H. L. Frost,* for appellant.

*G. C. Florea* and *J. H. Claypool,* for appellee.

COFFEY, J.—This was an action of replevin to recover the possession of a promissory note alleged to be the property of the appellee, and wrongfully detained from her by the appellant.

The only questions discussed by counsel in their respective briefs relate to the alleged error of the circuit court in overruling the appellant's motion for a new trial.

The evidence in the cause tends to prove that the appellee, in November, 1873, deposited with the maker of the note in controversy the sum of twenty-five dollars, and took a note therefor in the name of her son, Orin Springer, who was then about five years old. The note was taken in the name of her son for the reason that the husband of the appellee was much addicted to becoming intoxicated, and was in the habit of appropriating the appellee's property to his own use. To prevent him from obtaining possession of the money represented by this note it was taken in the name of

the son, but was kept in the possession of the appellee. The note was renewed from time to time, covering other small deposits, until the 16th day of December, 1884, when the present note for one hundred and sixty dollars was executed. All the money represented by the note was the money of the appellee. In August, 1886, the son, without the knowledge or consent of the appellee, took the note from a bureau drawer, in her possession, and sold it to the appellant.

The theory of the appellant was that the appellee, by making the note in controversy payable to her son, constituted him her trustee, and that as he assigned the note to the appellant, who had no notice of the secret trust between the appellee and her son, the appellant acquired a good title to the note. Acting upon that theory the appellant, at the proper time, prayed the court to give the jury the following instructions, viz.:

"5. If the plaintiff, Rebecca Springer, furnished all the consideration for the execution of the note in question, but had the same made payable to Orin Springer for the purpose and with the understanding that he should hold the legal title to the same in trust for her, and that he has never since the execution of said note transferred his title to the plaintiff, that the said Orin Springer, before the bringing of this suit, for a valuable consideration, by his endorsement in writing, assigned said note to the defendant, and that the defendant, at the time said note was transferred to him, had no knowledge that anyone except said Orin Springer had any interest in said note, and that he purchased the same in good faith and for a valuable consideration, relying upon the apparent title said Orin Springer had to said note, then in such case you should find for the defendant.

"4. If said Rebecca Springer furnished all the consideration for the execution of the note in question, but had the same made payable to Orin Springer, and he has never since the execution of the same transferred his title to said note to the plaintiff, and the plaintiff took said note into her

possession and kept the same where said Orin had free and ready access to the same, and said Orin, without the knowledge or consent of said plaintiff, took said note into his possession, and the defendant, in good faith and for a valuable consideration, and relying upon the apparent title thus conferred upon said Orin Springer, purchased said note of him without any knowledge of the claim of the plaintiff to said note, and the said Orin Springer, in pursuance of said purchase, on the 2d day of August, 1886, endorsed said note to the defendant, then in such case you should find for the defendant."

The court refused to give these instructions, but instructed the jury as follows :

" 8. If the jury believe that said Rebecca Springer furnished all the consideration for the note in question, that said note was made payable to her son, Orin Springer, by the direction of the said plaintiff, Rebecca Springer, that at the time of its execution it was placed in her hands, and that she never voluntarily parted with the possession thereof, and that Orin Springer, the payee, got possession of said note surreptitiously, without the knowledge or consent of said Rebecca Springer, and while so holding the same he endorsed and transferred the same to the defendant, Merrell, and the plaintiff, Rebecca Springer, before the commencement of this suit demanded the possession of said note from the defendant, Merrell, in such case the plaintiff will be entitled to recover, although the defendant may have paid a valuable consideration therefor, and had no notice that said Orin Springer was not the owner of said note."

The note in controversy is not negotiable by the law merchant, and was sold and assigned to the appellant after maturity. In such case the purchaser must inquire as to the title of his assignor, and as to the defence against the note in the hands of the assignor. *Kastner* v. *Pibilinski*, 96 Ind. 229; *Sims* v. *Wilson*, 47 Ind. 226; *Robeson* v. *Roberts*, 20

Ind. 155; *Schafer* v. *Reilly,* 50 N. Y. 61; *Bush* v. *Lathrop,* 22 N. Y. 535.

It seems to be settled in this State that a purchaser of such a note can acquire no better title than that held by his vendor. In *Summers* v. *Hutson,* 48 Ind. 228, quoting *Robeson* v. *Roberts, supra,* it was said by this court " It is a familiar general principle, that no man can confer a greater interest in, or better title to, personal property than he has himself. And this principle is as applicable to choses in action (paper governed by the law merchant of course excepted) as to any other species of personalty. The principle that the purchaser of the legal title to real estate, without notice of an outstanding equity, takes it discharged of the equity, has no application in the case of the purchaser of a chose in action. It is a general and well-settled principle that the assignee of a chose in action takes it subject to the same equity it was subject to in the hands of the assignor."

It was further said, in this case, that " An abuse of a trust can confer no rights on the party abusing it, nor on those who claim in privity with him."

To the same effect are *Sims* v. *Wilson, supra,* and *Payne* v. *June,* 92 Ind. 252.

The doctrine that where one of two innocent parties must suffer, the party who put it in the power of the wrong-doer to perpetrate the wrong must suffer the loss, has no application in this case; for there is no evidence in the cause tending to contradict the evidence of the appellee that Orin Springer took the note from her bureau drawer without her knowledge or consent. See authorities above cited.

Under the rules, as established by these cases, we are constrained to hold that the court did not err in refusing to give the jury the instructions asked, and that the instruction given upon the subject now under consideration states the true rule.

The case is clearly distinguishable from the case of *Moore* v. *Moore,* 112 Ind. 149. In that case the party claiming

title had endorsed and delivered the note there in dispute with the intention of vesting in the assignee title, and it was correctly held that, as the note had passed to an innocent purchaser for value, without notice of any fraud by which the assignment was procured, the assignor was estopped from reclaiming the note from such innocent purchaser. That case rests upon the principle anounced in *Parrish* v. *Thurston*, 87 Ind. 437, and *Curme, etc., Co.* v. *Rauh*, 100 Ind. 247.

The appellant also discusses in his brief other questions appearing in the record, relating to the admission and rejection of evidence. We have carefully examined these questions, as well as all others presented and discussed, but are unable to discover any error in the ruling of the circuit court.

Judgment affirmed.

Filed April 30, 1890.