THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE TOWN OF WALTON, Appellant, v. THE BOARD OF SUPERVISORS OF DELAWARE COUNTY, Respondent.

MANDAMUS — ENFORCEMENT OF JUDGMENT REQUIRING BOARD OF SUPERVISORS TO LEVY TAX AND PAY OVER PROCEEDS TO COUNTY TREASURER TO BE INVESTED FOR A TOWN. A judgment directing the board of supervisors of Delaware county (1) to levy and collect from the taxable property of the county the sum of $2,019.16, with interest; (2) to deposit the sum with the county treasurer for the benefit of the town of Walton, the same to be invested by him in pursuance of the provisions of chapter 907 of the Laws of 1869, as amended; (3) that upon the receipt of the money the county treasurer invest the same for the benefit of the said town, in accordance with the law, and to keep the same invested, is not complied with by merely levying and collecting the sum specified, and without giving any directions for the use of the money as a sinking fund for the benefit of the town, either in the warrant for the collection of taxes or in any other way, paying it over to the county treasurer, so that it became intermingled with the general fund and was used for county expenses ; and the town may enforce the judgment by a writ of peremp-

tory mandamus to compel the board of supervisors to again levy and collect the sum and pay it over to the county treasurer for the benefit of the town.

*People ex rel. Town of Walton* v. *Bd. of Suprs.,* 75 App. Div. 184, reversed.

(Argued January 5, 1903; decided January 20, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 22, 1902, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant to raise and set apart for the benefit of the relator a certain sum alleged to be unpaid upon a judgment previously recovered by the relator against the said defendant.

The facts, so far as material, are stated in the opinion.

*E. H. Hanford* for appellant. The contention that the audit of the judgment by the board of supervisors, the including of the amount audited in the general tax levy and the receipt of the tax by the county treasurer in ordinary course of law constituted full performance by the defendant of the requirements of this judgment cannot be sustained. (1 R. S. 419, § 5; *Gray* v. *Bd. of Suprs.,* 93 N. Y. 603; *Vil. of Port Richmond* v. *County of Richmond,* 11 App. Div. 217; *Strough* v. *Bd. of Suprs.,* 119 N. Y. 218; *Clark* v. *Sheldon,* 134 N. Y. 333; *Cluff* v. *Day,* 124 N. Y. 195; *Estate of Hood,* 98 N. Y. 363; *Johnson* v. *Lawrence,* 95 N. Y. 154; *Laytin* v. *Davidson,* 95 N. Y. 263; *Winne* v. *N. F. Ins. Co.,* 91 N. Y. 185; *Ruggles* v. *Ins. Co.,* 114 N. Y. 415.) The remedy by mandamus is proper. (*Buck* v. *City of Lockport,* 6 Lans. 251; *People ex rel.* v. *Mayor, etc.,* 10 Wend. 393; *McCullough* v. *Mayor, etc.,* 23 Wend. 458; *People ex rel.* v. *Green,* 58 N. Y. 295.)

*Edwin D. Wagner* and *George A. Fisher* for respondent. The relator, if it has a valid claim against the county of Delaware, has a perfect remedy by action, and, therefore, a motion for a writ of mandamus should be denied. The writ of mandamus will not be awarded where there is a remedy by action. (*Ex parte F. Ins. Co.,* 6 Hill, 243; *Shepley* v.

1903.]  People ex rel. Town of Walton *v.* Bd. Suprs.  **299**

N. Y. Rep.]      Opinion of the Court, per O'Brien, J.

*Mechanics' Bank*, 10 Johns. 484; *People ex rel.* v. *Coal Co.*, 10 How. Pr. 543; *People ex rel.* v. *Campbell*, 72 N. Y. 496; *People ex rel.* v. *Crennan*, 141 N. Y. 239; *People* v. *Chenango Co.*, 11 N. Y. 563; *People* v. *Hawkins*, 46 N. Y. 9.)  The claim is disputed and its validity controverted, and in such a case the motion for a mandamus should be denied. (*Mott* v. *Greene County*, 64 N. Y. 600; *People ex rel.* v. *Coler*, 171 N. Y. 373.)  When the board of supervisors on the 18th day of November, 1893, by resolution directed that the amount of the judgment be levied on the county they did all that by law or by the judgment they were required to do. (*Craft* v. *Merril*, 14 N. Y. 456; *Benton* v. *Hatch*, 122 N. Y. 322; *Harbeck* v. *Vanderbilt*, 20 N. Y. 395; *Baird* v. *Mulliken*, 68 Ind. 231; *Ten Eyck* v. *Craig*, 62 N. Y. 406; *Gray* v. *Bd. of Suprs.*, 93 N. Y. 603.)  The writ of mandamus will not be issued where there is doubt as to the right of the claimant. (*People* v. *Vil. of West Troy*, 25 Hun, 179; *People ex rel.* v. *Board of Police*, 107 N. Y. 235; 46 Hun, 296; *People ex rel.* v. v. *Stupp*, 49 Hun, 544; *People ex rel.* v. *N. Y. I. Asylum*, 122 N. Y. 190; *People ex rel.* v. *Coler*, 58 App. Div. 131; *People ex rel.* v. *Greene County*, 64 N. Y. 600; *People ex rel.* v. *Wendell*, 71 N. Y. 171.)  The relator's remedy by mandamus is barred by the Statute of Limitations. (*People* v. *Beach*, 3 Civ. Pro. Rep. 180; *People* v. *French*, 31 Hun, 617; *Butler* v. *Johnson*, 111 N. Y. 204; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 338; *Mason* v. *Henry*, 152 N. Y. 529; *Matter of Rogers*, 153 N. Y. 316; Code Civ. Pro. § 382; *Matter of Neilley*, 95 N. Y. 390; *Roberts* v. *Ely*, 113 N. Y. 128.)                            •

O'Brien, J.    The order from which this appeal was taken affirmed an order of the Special Term which denied a motion made in behalf of the relator for a peremptory writ of mandamus to compel the defendant to levy and collect from the taxable property of the county the amount of a certain claim which the relator sought to enforce.    The order of affirmance

states that it was not made in the exercise of discretion, but for want of power on account of certain legal objections raised, and that except for these legal objections the application for the writ should have been granted.   Hence, all questions of fact and all considerations based upon the exercise of discretion have been eliminated from the case and the appeal presents a pure question of law, namely, the power of the court to grant the application.   There is not the slightest dispute, however, about the facts ; they are all admitted or conclusively established.

It appears that many years ago the relator, The Town of Walton, issued its bonds in aid of a railroad under chapter 907 of the Laws of 1869.   That statute provided that all general taxes imposed upon the railroad in the town should be set aside and invested as a sinking fund for the benefit of the town, to be used for the redemption of the bonds so issued. The board of supervisors levied the taxes in every year and collected them from the railroad, and they were paid into the county treasury and disbursed for the benefit of the county in payment of its current expenses, and so the command of the statute was disregarded.   The town brought an action against the board of supervisors for the misappropriation, and on the 10th of November, 1893, it recovered a judgment which required the defendant in the action to do certain specified things in order to make good to the town whatever it had lost. The board was commanded (1) at its next annual meeting or session to levy and collect from the taxable property of the county the sum of $2,019.16, with interest from December 1st, 1892, to the time of the deposit of the same with the county treasurer, as thereinafter provided.   (2) That the defendant deposit the sum with the county treasurer for the benefit of the town of Walton, the same to be invested by him in pursuance of the provisions of chapter 907 of the Laws of 1869, and the acts amendatory thereof and supplementary thereto.   (3) That upon receipt of that money the county treasurer invest the same for the benefit of the said town in accordance with the law, and to keep the same invested.

It was to enforce this judgment that the relator applied for the writ, and the answer to the application presenting the legal objection referred to was that the board had paid the judgment, or at least paid and performed the mandate of the court, as required.  There is no dispute about the facts which it is claimed constituted the payment or performance. On the 18th of November, 1893, the board passed a resolution in substance as follows: That the sum of $2,694.71 allowed to the town of Walton by the committee on railroad rebates be levied on the county and paid as follows: $2,534.15 to be paid to the county treasurer as a sinking fund as provided by law for the benefit of the town of Walton and the sum of $160.56 to be paid to its attorneys as their fees allowed by the referee in the action.  That is all that was ever done by the board so far as the record discloses to pay or to perform the commands of the judgment.  The money was collected and paid into the county treasury and paid out by the treasurer for the current expenses of the county just as it had been paid out before the judgment was recovered at all. There is no claim that the treasurer was a defaulter, or that the money was used by any one otherwise than for the benefit of the county, nor does it appear that any copy of the judgment was ever given to the treasurer, or that he knew that it existed, or that the board in the warrants for the collection of the taxes, or in any other way, gave any directions for the use of any of the money as a sinking fund for the benefit of the town of Walton.  Moreover, it appears that all the money levied and collected in that year was paid out by the county treasurer in various ways for the county on or before the second day of May, 1894, and that the treasurer was compelled to and did borrow from time to time upon the credit of the county sufficient additional money to meet the current expenses of the county until taxes were collected in the following year.  The board in the year 1893 had authorized the county treasurer to borrow any additional sums of money necessary to defray the county expenses for that year not exceeding fifteen thousand dollars.

The defendant obeyed the first clause of the judgment; that is to say, it levied and collected from the taxable property of the county the sum specified, but it did not deposit any money with the county treasurer for the benefit of the town to be invested by him. In order to execute properly that part of the judgment the board was required to do something more than cause the item to be inserted in the budget for that year. It should have separated the sum embraced in that item from the other moneys and should not have allowed it to be intermingled with the general fund. It could have given directions for that purpose to the county treasurer either in the warrants for the collection of the taxes, or by delivering to him a copy of the judgment, or in some other way. So far as the county treasurer was concerned, it does not appear that he had any authority or directions from any source to create a sinking fund for the benefit of the town of Walton. The board did nothing more after the judgment was rendered than it had done before. It levied and collected the taxes, and if that is a sufficient answer to this application it ought to have been a good defense against the action which resulted in the judgment. The money which the board directed to be levied and collected was subject to its direction and control, and, since it gave no directions in any form whatever for the creation of a sinking fund for the benefit of the town of Walton, it neglected to carry out the mandate of the judgment. When the money levied by the board came into the hands of the county treasurer he had no directions, and, so far as it appears, no authority to constitute a sinking fund for any particular town. He in effect placed all the money to the credit of the county and paid it out for county expenses. It is quite manifest, therefore, that, in view of these conceded facts, the defendant has neither paid nor executed in any way the judgment in question. The county, so to speak, collected the money with one hand and paid it out with the other, and to say that its obligations to the town of Walton have thus been discharged would be quite absurd.

The learned counsel for the defendant upon the argument

in this court submitted several objections of a somewhat tech-
nical character in answer to the relator's application.   It is said
that this is a disputed or contested claim, and, therefore, cannot
be enforced by the writ of mandamus.   The claim of the town is
represented by a judgment.   There is no dispute with respect
to the validity of that judgment, and the only defense is that
in some way it has been satisfied or canceled.   The only method
for the enforcement of a judgment recovered against a board
of supervisors is by the writ of mandamus.   It is quite clear
that, upon the facts disclosed by this record, the relator could
not bring an action upon this judgment, and even if he could
multiply judgments in that way, in the end they would have
to be enforced by mandamus.   Nor is the objection that the
relator's judgment is barred by the Statute of Limitations at
all tenable.   This is a proceeding to enforce a judgment
recovered in the year 1893, and no Statute of Limitations con-
stitutes any obstacle to the relief which the relator applied for.
We think that the relator was, as matter of law, entitled to the
writ, and, therefore, the order appealed from should be reversed
and the application for the writ granted, with costs in all
courts to the relator.

PARKER, Ch. J., GRAY, HAIGHT, MARTIN, VANN and CUL-
LEN, JJ., concur.

Order reversed, etc.