IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1914, AND NOVEMBER TERM, 1914, IN THE NINETY-EIGHTH AND NINETY-NINTH YEARS OF THE STATE.

---

### VORIS *v.* FERRELL ET AL.

[No. 8,518. Filed November 19, 1913. Rehearing denied February 4, 1914. Transfer denied October 8, 1914.]

1. MORTGAGES.—*Deed as Mortgage.*—*Foreclosure.*—Where the holder of a second mortgage purchased the first mortgage, and took a deed from the owners of the land under such circumstances as to make it in effect a mortgage, the court did not err in finding that such deed was in fact a mortgage and in ordering it, as well as a release of the second mortgage which had been brought about through fraud on the mortgagee, to be set aside, and in decreeing a foreclosure of both the first and second mortgages, where the holder of a third mortgage had acquired no rights of which he was thereby unlawfully deprived. pp. 10, 11.

2. MORTGAGES.—*Release.*—*Vacating.*—*Fraud.*—When a mortgage is released through mistake, or fraud practiced upon the holder, such mortgage may be restored in equity and given its original priority as a lien, where the rights of innocent third persons are not affected thereby. p. 11.

3. BILLS AND NOTES.—*Maturity.*—*Interest.*—*Payment.*—Where a note contains a provision that the entire debt shall be due on failure to pay any installment of interest when due, default of payment according to the provisions of the instrument makes the whole debt due immediately. p. 12.

4. MORTGAGES.—*Assignment.*—*Defenses to Note.*—*Rights of Assignee.*—Where a note secured by mortgage contained the provision that on failure to pay any installment of interest when due the entire debt should thereby become due, and at the time of the assignment of the note and mortgage to plaintiff it appeared on the face of the note that the whole debt was due be-

cause of a default in payment of interest, such note was subject to the same defenses in the hands of plaintiff as assignee as in the hands of the assignor, since it was not governed by the law merchant, and since the mortgage is only a security for the note the defenses to the note existing against the assignor were available against the assignee notwithstanding such mortgage. p. 12.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by Ezra C. Voris against William H. Ferrell and others. From a judgment rendered, the plaintiff appeals. *Affirmed.*

*Ullman, Hoag & Davidson* and *Henry Douglas Pierce, Jr.,* for appellant.

*William L. Taylor,* for appellees.

FELT, J.—This is a suit by appellant, Ezra C. Voris, against William H. Ferrell, Martha A. Ferrell, his wife, and William A. Deitrick, to foreclose a mortgage on 120 acres of real estate in Montgomery County, Indiana. The defendants, Ferrell and Ferrell, answered the complaint by general denial. The defendant, Deitrick, answered by general denial and also filed two paragraphs of special answer to the complaint. He also filed a cross-complaint against plaintiff and his codefendants, Ferrell and Ferrell, and one Frank C. Milligan, who was not a party to the original suit. The plaintiff Voris replied to the special answers by general denial and by a special paragraph. Plaintiff answered the cross-complaint by general denial and by two paragraphs of special answer. The defendants, Ferrell and Ferrell, answered the cross-complaint by general denial and the defendant, Milligan, filed an answer of general denial to the cross-complaint and two paragraphs of special answer. By the several pleadings, defendant Deitrick sought to have his deed from Ferrells declared a mortgage, and to set it aside, to set aside the release of said mortgage for $1,000, to foreclose the latter and also the mortgage for $3,500, as valid and subsisting liens on said real estate, prior and superior to the lien of the plaintiff's mortgage.

In addition to the pleadings filed, the record shows an agreement by all the parties to the effect that all causes of action and defenses of the several parties relating to the transactions involved, shall be tried and determined, and all pertinent and competent evidence be heard without any amended, additional or supplemental pleadings, and that any evidence so received shall be considered by the court the same as if proper pleadings had been filed. Upon the issues and agreement aforesaid the cause was submitted to the court for trial with a request for a special finding of facts. The court made a special finding of facts and stated its conclusions of law thereon.

Appellant's assignment of error duly questions the correctness of the conclusions of law so stated. The finding of facts is very long and in substance as follows: On December 28, 1906, Charles Ferguson was the owner of the real estate in question and on that day executed to one Jarvis his note for $3,500, and secured the same by a mortgage on said real estate; that on December 19, 1908, said Ferguson sold said real estate to one Otis S. Roberts, and conveyed the same to him subject to said mortgage; that on January 8, 1909, said Roberts borrowed from defendant, Deitrick, $1,000 for which he gave his promissory note and secured the same by a second mortgage on said real estate; that on March 15, 1909, said Roberts sold said real estate to Frank C. Milligan and conveyed the same to him by warranty deed, for the named consideration of $8,500 by the terms of which deed the grantee assumed and agreed to pay the amount due upon each of said mortgages; that on May 10, 1909, said Milligan sold and conveyed said real estate to William H. and Martha A. Ferrell, his wife, for the named consideration of $7,200 and on that day, as part of the purchase price, said grantees executed to said Milligan a note for $2,200 and secured the same by mortgage upon said real estate; that said note and mortgage for $3,500 became due on December 18, 1909, and William Jarvis, the owner there-

of, demanded payment thereof, from defendant Deitrick, and threatened foreclosure if not paid; that the note and mortgage held by said William A. Deitrick for $1,000 became due on January 8, 1910; that the note for $2,200 given by William H. and Martha A. Ferrell to Frank C. Milligan was dated May 10, 1909, and was due January 1, 1911, at the State Bank of Waveland, Indiana, with interest at 6 per cent per annum from date, payable semiannually on the 10th days of November and May of each year. Said note contained the following provision:

"This note, principal and interest to become due and collectible upon the failure of the maker to pay the interest when due, and the interest when due to bear the same rate of interest as the principal. The maker thereof to have the privilege of paying $100.00 or multiple thereof on this note whenever any installment of interest becomes due."

The finding shows that the several deeds and mortgages were duly recorded within the time provided by law; that said Ferrell and Ferrell were improvident and inexperienced people, easily persuaded and imposed upon by those in whom they had confidence, and that they trusted Milligan, who was a man of experience, engaged in the real estate and loan business and well acquainted with the value of land; that he maintained an office in Waveland, Montgomery County, Indiana, where said Deitrick · resided; that the first installment of interest on said note for $2,200 fell due on November 10, 1909, and on the following day the payees paid on the principal of said note $100 and $45 on the interest then due and soon thereafter paid the balance of the semiannual installment of interest in the sum of $21; that said William A. Deitrick knew said Milligan and had confidence in him, and relied upon his statements as true; that said Deitrick did not desire to foreclose his mortgage for $1,000 and did not believe that the real estate would sell for enough to pay the same and the mortgage for $3,500, the costs of foreclosure and the taxes on said real estate; that

on several occasions prior to April 26, 1910, said Deitrick consulted said Milligan about his said note and mortgage and informed him that he was unable to collect any part of the same and that the note and mortgage held by Jarvis with the accumulated interest thereon was also unpaid and that said Jarvis was insisting on his note being paid; that he also informed said Milligan that he intended to institute a foreclosure suit upon his note and that he had an arrangement with Jarvis to take care of his note and mortgage; · that said Deitrick, both prior and subsequent to April 26, 1910, spent a considerable portion of his time in the office of said Milligan who transacted considerable business for him; that Deitrick was a man about 73 years of age and in feeble health; that Deitrick knew Milligan, had confidence in him and was relying upon him for advice and assistance in regard to said note and mortgage and knew that said real estate was not of sufficient value to pay the first and second mortgages aforesaid; that shortly prior to April 26, 1910, one George Deer advised said Deitrick to procure a deed from the Ferrells for said real estate instead of foreclosing his mortgage, and thereupon Deitrick informed Milligan of the suggestion of said Deer and asked him if the taking of such deed would be as safe for him as a foreclosure of his mortgage and was informed by Milligan that it would be as safe and would save the costs of foreclosure; that said Deitrick did not then know of the existence of said mortgage for $2,200 and the said Milligan knew that he had no knowledge or information about the same; that shortly thereafter said Deitrick called upon said Milligan and informed him that he had concluded to follow the suggestion of said Deer and try to secure a deed from Ferrells, and employed said Milligan to prepare and secure a deed conveying to him said real estate, and directed him to provide in the deed that said Ferrells were to have possession of the real estate until March 1, 1911, and also directed him to provide by a separate writing, that if said Ferrells would make

said deed, he would agree to pay the mortgage for $3,500 and interest, his own mortgage of $1,000 and interest, the taxes due and payable in the year 1910, and the insurance on the property, and would take said deed with the understanding that it was for the purpose of securing him in assuming said indebtedness, and that the said Ferrells should have until March 1, 1911, to redeem by paying him the full amount of said mortgages and money so paid out by him, but if they did not do so by March 1, 1911, then the conveyance would become absolute and the title to said real estate would then pass to the said Deitrick by virtue of the said deed; that at the time of the execution of said deed and contract said Deitrick did not know or understand that there was any other mortgage or lien on said real estate, except the one for $3,500 and his mortgage for $1,000; that preliminary to securing said deed and contract, the interest was figured on said mortgages by said Milligan and Deitrick, and the amount due on the first mortgage was $284.20 and the amount due on the second mortgage was $94.97; that said Milligan then gave said Deitrick to understand, and knew that he did understand, and believe, that said first and second mortgages and accumulated interest aforesaid, and the taxes, constituted the only liens on said land; that said Milligan at all times knew and understood that said Deitrick believed his statements to be true and did not know of any other mortgage or lien on said land except as above stated; that said Deitrick knew of the sale of said real estate by said Milligan to said Ferrells, but did not know the terms thereof; that said Ferrells resided on said farm about six miles from the town of Waveland and there was telephone communication from Waveland to said farm; that said Deitrick did not know of the existence of said $2,200 mortgage until after he had accepted said deed, and until after said mortgage had been sold to plaintiff on August 26, 1910; that thereafter he was informed thereof by the plaintiff, Ezra C. Voris; that in order to secure from said Ferrells the deed to

said Deitrick for said real estate, said Milligan called upon them and told them that if they would execute the deed and contract aforesaid, said Deitrick would assume and agree to pay all of said mortgages including the one for $2,200 held by him, and that they would be released from all personal liability on said notes; that they could have until March 1, 1911, in which to redeem if they so desired, and would have the possession of the real estate in the meantime; that he was satisfied he would be able to sell the real estate before March 1, 1911, for enough to pay all of said incumbrances and make them a profit of $10 per acre, or $1,200; that the statements so made by said Milligan to said Ferrells with reference to said mortgage for $2,200 were false and were made without any authority from or knowledge on the part of said Deitrick, and were made for the fraudulent purpose of inducing the said Ferrells to execute said deed; that said Milligan secured said deed on April 26, 1910, and delivered it to said Deitrick in accordance with the terms stated to him by said Deitrick; that at the time said deed was made and delivered as aforesaid, Deitrick did not know that Milligan had made any false statements to said Ferrells in regard to what he had agreed to do, and if he had known thereof, he would not have accepted said deed; that Deitrick knew that said Milligan claimed some interest in said real estate after he sold the same to said Ferrells but did not know the nature or extent of such claim, and had never been informed by said Milligan what such claim was; that to induce the said Ferrells to execute said contract he read the same to them and caused the same to appear to include an assumption by said Deitrick of the payment of said mortgage for $2,200, when in fact the same was not mentioned in the contract and said Deitrick had never at any time agreed to pay the same, and had no actual knowledge of its existence; that after said deed was delivered said Milligan requested said Deitrick to release his mortgage for $1,000 upon the record and said that it would look better and he

believed he could make a better sale of the property if that mortgage was released; that thereupon said Deitrick asked said Milligan if there was any other mortgage on the real estate except the Jarvis and Deitrick mortgages aforesaid, and said Milligan then informed him that there was no other mortgage on the land and the said Deitrick said if it would make a better showing and said real estate could be more easily sold, on the following day he would release said mortgage, which he accordingly did; that said Deitrick had confidence in said Milligan and believed his statements aforesaid to be true and relied thereon; that no consideration passed to said Deitrick for the release of said mortgage; that after he secured the deed to said real estate as aforesaid, said Deitrick paid to William Jarvis the full amount of his mortgage and took an assignment thereof to himself; that said Milligan went to Crawfordsville, Indiana, and began negotiations for the sale of said mortgage for $2,200 to plaintiff; that the plaintiff, Voris, was experienced in handling real estate and commercial paper, had done an extensive business in real estate and commercial paper; knew how to examine titles to real estate and understood the character of commercial paper; that with a view to purchasing said note and mortgage, said Voris came to the town of Waveland in August, 1910, and found that said Milligan had used said note and mortgage as collateral security for a loan of $250 with a bank at Waveland; that William Jarvis was then a resident of the town of Waveland and he still held his note and mortgage though at that time Deitrick had paid there- on the sum of $1,000; that said Voris required the abstract for the real estate to be brought down to date and he examined the same and also examined the public records and verified the abstract; that at that time the records showed the satisfaction of the $1,000 mortgage entered of record on April 27, 1910, and the deed to said Deitrick; that said Voris made no effort to see or communicate with said Jarvis or the said Deitrick though they both resided in the town of

Waveland and he knew that fact; that he called at the bank
at Waveland and saw the note and mortgage, read the note
over carefully, knew and understood the meaning of the
language employed and saw the credits of payments in-
dorsed on the note; that he thereupon asked Milligan about
the past due and unpaid interest and was by him informed
that it was the understanding that the interest was to be al-
lowed to run until the whole note became due if the Ferrells
so desired; that no such agreement had in fact been made
and said statement was false and known to be false by said
Milligan; that the interest on said note became due on No-
vember 10, 1909, and no part of the same was paid until
November 11, 1909, when $45 was paid and the remainder
of $21 due on that installment was paid in January, 1910;
that no interest except as above shown had been paid on said
note when it was sold and assigned to plaintiff on August
26, 1910, for $2,100; that the said Milligan at no time de-
clared the note or the principal thereof to be due because
the interest was not paid as provided therein; that said Voris
did not know of the fraud and misrepresentations of said
Milligan in his dealings with the said Ferrells and Deitrick
aforesaid; that said Deitrick paid on account of said Jarvis
mortgage and interest the sum of $3,935 and the said $1,000
note and mortgage with interest amounted to $1,201; that
the said Ferrells did not redeem said real estate on March
1, or at any time.

On the foregoing finding of facts the court stated its con-
clusions of law in substance as follows:   That William A.
Deitrick is the owner of said mortgage for $3,500 described
in the findings; that the release of said mortgage for $1,000
described in the findings should be set aside and the mort-
gage be and the same is in full force and effect; that said
Deitrick is entitled to recover on his cross-complaint and
to have said mortgages declared prior and superior liens to
that of the plaintiff's mortgage, on the real estate aforesaid,
and to foreclose said mortgages; that the sum paid by said

Deitrick for taxes and insurance is a part of his said mortgage indebtedness and should be included in the amount thereof; that the sum due him for principal, interest, taxes and insurance, for which he is entitled to a judgment of foreclosure, against all the defendants to his cross-complaint, is $5,942.60, which amount is a lien on said real estate prior to the lien of plaintiff's said mortgage; that the note set out in plaintiff's complaint, was past due when purchased by him, was not governed by the law merchant, and, when so purchased, was subject, in plaintiff's hands, to all defenses to which it would have been subject in the hands of his assignor, Milligan. That plaintiff, Voris, is entitled to a foreclosure of his mortgage in the sum of $2,590 and to a personal judgment against defendants, Ferrell and Ferrell, but said mortgage is inferior to the lien of the mortgages of said Deitrick aforesaid; that the instrument executed by said Ferrells to said Deitrick on April 26, 1910, in the form of a warranty deed is in effect a mortgage, and should be set aside and held for naught. Judgment was duly rendered in accordance with the conclusions of law.

Appellant contends that the deed executed to Deitrick, by the Ferrells, conveyed to him the fee simple title to the real estate and that all other interests of the grantee were

1. merged in the higher title so acquired, and that on the facts of this case, equity will not prevent such merger. The court found the deed to be in effect a mortgage; that it should be set aside and held for naught, and also set aside the release of the mortgage for $1,000 and decreed the foreclosure of the first and second mortgages in favor of Deitrick as superior and prior liens to the mortgage held by plaintiff. If the instrument in the form of a deed was in fact a security for the debts due to and assumed by Deitrick, the court did not err in declaring it a mortgage and in setting it and the release of the mortgage aside. With said deed and assignment set aside, the two mortgages, owned by Deitrick, could be foreclosed. This court has re-

cently considered the question relating to the conditions under which a warranty deed, may be held to be a mortgage, and on the facts in this case, we hold that the court did not err in declaring the deed to Deitrick by the Ferrells to be a mortgage. *Calahan* v. *Dunker* (1912), 51 Ind. App. 436, 99 N. E. 1021 and cases cited; *Wysong* v. *Sells* (1909), 44 Ind. App. 238, 88 N. E. 954; *Loeb* v. *McAlister* (1896), 15 Ind. App. 643, 41 N. E. 1061, 44 N. E. 378. The finding shows that the release of the mortgage for $1,000 was executed by Deitrick without any consideration and was procured by the fraud of Milligan. The court was fully warranted in setting it aside unless the plaintiff had acquired some right of which he was unlawfully deprived by such action.

2. When a mortgage is released through mistake, or the holder is induced to release it by fraud, such mortgage may be restored in equity, and be given its original priority as a lien, where the rights of innocent third parties will not be affected thereby. *Hanlon* v. *Doherty* (1887), 109 Ind. 37, 40, 44, 9 N. E. 782; *Sidener* v. *Pavey* (1881), 77 Ind. 241, 246; *Jewett* v. *Tomlinson* (1894), 137 Ind. 326, 330, 36 N. E. 1106; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 687, 688, 36 N. E. 132, 45 Am. St. 218; *Thompson* v. *Connecticut Mut. Life Ins. Co.* (1894), 139 Ind. 325, 346, 38 N. E. 796; *Warford* v. *Hankins* (1898), 150 Ind. 489, 495, 50 N. E. 468; *Myers* v. *O'Neal* (1892), 130 Ind. 370, 375, 30 N. E. 510; *Franklin Nat. Bank* v. *Whitehead* (1898), 149 Ind. 560, 577, 49 N. E. 592, 39 L. R. A. 725, 63 Am. St. 302; 1 Jones, Mortgages (6th ed.) §967. In this case the court not only held the deed to be a mortgage, but set it aside. This was done on the theory that the title to the land was still in the Ferrells and that appellee, Deitrick, on his cross-complaint, was entitled to have said release set aside and to foreclose both mortgages held by him, with priority over plaintiff's mortgage, the same as if the deed to Deitrick had not been executed. In other words, the court found that the deed, contract and release of mort-

gage were procured by the fraud of Milligan and he gave judgment the same as if such instruments had not been executed. The conclusion of the court is fully warranted in so far as Milligan is concerned, for the finding is ample to show that he was guilty of the grossest misrepresentation and fraud against both Deitrick and the Ferrells.

The only serious question relates to the rights of the plaintiff as the assignee of the note and mortgage given by the Ferrells to Milligan. The interest on the note was payable semiannually, and it contained a provision making the whole debt due upon failure to pay any installment at maturity. The first installment was not paid when due and the second installment due on May 10, 1910, was not paid when appellant purchased the note and mortgage on August 26, 1910. Where an obligation contains such a provision for maturing the debt without requiring the payee to elect to declare the whole debt due before enforcing its collection, default of payment according to the provisions of the instrument makes the whole debt due immediately upon such default. *Buchanan* v. *Berkshire Life Ins. Co.* (1884), 96 Ind. 510, 520; *Stephens* v. *Huntington, etc., Sav. Assn.* (1881), 76 Ind. 109, 111; *Moore* v. *Sargent* (1888), 112 Ind. 484, 14 N. E. 466; *Marion Bond Co.* v. *Blakely* (1903), 30 Ind. App. 374, 65 N. E. 291, 66 N. E. 71; *Kerbaugh* v. *Nugent* (1911), 48 Ind. App. 43, 51, 95 N. E. 336. The note purchased by appellant was therefore past due and dishonored paper, not governed by the law merchant, and, in his hands, subject to the same defenses as though the suit were prosecuted by the original payee, his assignor. *Stoy* v. *Bledsoe* (1903), 31 Ind. App. 643, 647, 68 N. E. 907; *Merrell* v. *Springer* (1890), 123 Ind. 485, 487, 24 N. E. 258; *Ray* v. *Baker* (1905), 165 Ind. 74, 89, 74 N. E. 619; *Sims* v. *Wilson* (1874), 47 Ind. 226, 231. Appellant does not seriously question the rule of law above announced, but contends that the rule is different where a note and mortgage are both assigned;

that plaintiff, as assignee of the mortgage, is protected by the record and entitled to enforce his lien against all defendants, and not bound by any secret equities or defenses that might be available in a suit on the note alone. The court has found that plaintiff was ignorant of the fraud of Milligan and if the distinction contended for exists in this State, it may have an important bearing on the rights of the parties. Reliance is placed on the case of *Brower* v. *Witmeyer* (1889), 121 Ind. 83, 22 N. E. 975. In that case the court held that a purchase money mortgage though not recorded until after a junior mortgage executed by the vendee to secure a note given for money already obtained to make the first payment on the land, had been placed of record, was superior to the latter in a suit by the assignee of the junior mortgage, to whom it was assigned, after the purchase money mortgage was recorded, the assignor being chargeable with notice of the date and character of the purchase money mortgage. The court said: "Our judgment is that, as he took the assignment of the mortgage after the purchase-money mortgage was recorded, and from one chargeable with notice, he was himself chargeable with notice of its existence. It was his duty to ascertain from the records the condition of the title at the time he acquired his mortgage." The court does not treat separately the question of the effect of notice to the plaintiff's assignor, but considers the question in connection with the fact that the purchase money mortgage, though not recorded until after the other mortgage, was actually of record when the latter was assigned to the plaintiff in the suit. Furthermore, there was no consideration of the question relating to the kind of note secured by the mortgage, and while some language employed in the decision, may to some extent warrant appellant's contention, when the decision is considered from the standpoint of the facts before the court and the question actually decided, it does not support appellant's contention in this case. The debt is the primary obligation between the parties, and

when a note is given and described in the mortgage, it is the primary evidence of that debt. The mortgage is only a security for the debt described therein, and where the mortgage secures the payment of a particular note, a defense to the note is available to defeat the enforcement of the mortgage, and the same principle applies to questions of priority. 1 Jones, Mortgages (6th ed.) §345; 2 Jones, Mortgages (6th ed.) §1220; *Brick* v. *Scott* (1874), 47 Ind. 299, 302; *Sperry* v. *Dickinson* (1882), 82 Ind. 132, 135; *Bowen* v. *Ratcliff* (1895), 140 Ind. 393, 396, 39 N. E. 860, 49 Am. St. 203. The assignee of a past due note takes the same subject to all the equities and defenses available against it in the hands of his assignor. *Robeson* v. *Roberts* (1863), 20 Ind. 155, 156, 83 Am. Dec. 308; *Sims* v. *Wilson, supra; Kastner* v. *Pibilinski* (1884), 96 Ind. 229, 231; *Merrell* v. *Springer, supra; First Nat. Bank* v. *Beach* (1904), 34 Ind. App. 80, 88, 72 N. E. 287. In *Sims* v. *Wilson, supra,* 230, the court said: "The general rule, that no one can convey a better title than he himself has, is more particularly applicable to assignments of choses in action not governed by the law merchant. That the assignee in such case takes the chose in action subject to all the equities attaching to it in the hands of the assignor, is too well settled to admit of a controversy." Where a note not negotiable by the law merchant is assigned, the assignee takes the same, subject to all equities and defenses available against his assignor, and the rule is not changed where such instrument is secured by a mortgage which is also assigned. The decisions have not all been uniform on the subject of latent equities and some have sought to distinguish between such equities and those existing between the original parties to the instrument assigned, but the distinction has not been drawn in this State, and the rules applicable to past due paper and instruments not negotiable by the law merchant, control the same where the note is secured by the mortgage as where there is no such security. Such is also the prevailing rule

in other jurisdictions. *Bush* v. *Lathrop* (1860), 22 N. Y. 535, 548; *Trustees, etc.* v. *Wheeler* (1874), 61 N. Y. 88, 105; *Greene* v. *Warnick* (1876), 64 N. Y. 220, 224; *Seymour* v. *McKinstry* (1887), 106 N. Y. 230, 242; *Downer* v. *South Royalton Bank* (1866), 39 Vt. 25, 31; *Cooper* v. *Smith* (1889), 75 Mich. 247, 254, 42 N. W. 815; *Brooks* v. *Record* (1868), 47 Ill. 30; *Trabue & Lucas* v. *Bankhead* (1875), 2 Tenn. Ch. 412; *Burtis* v. *Cook & Sargent* (1864), 16 Iowa 194.

We find no error in the conclusions of law. Judgment affirmed.

NOTE.—Reported in 103 N. E. 122. As to deeds absolute in form with agreements to reconvey, see 17 Am. Dec. 300. As to the right to reinstatement of mortgage released or discharged by mistake, see 58 L. R. A. 788; 26 L. R. A. (N. S.) 816; 28 L. R. A. (N. S.) 825, 904. See, also, under (1) 27 Cyc. 991; (2) 27 Cyc. 1432; (3) 7 Cyc. 858; (4) 27 Cyc. 1326.