Matter of Oxford Developers, LLC v Jefferson (2022 NY Slip Op 01792)





Matter of Oxford Developers, LLC v Jefferson


2022 NY Slip Op 01792


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-00031
 (Index No. 483/18)

[*1]In the Matter of Oxford Developers, LLC, et al., petitioners-respondents, et al., petitioners,
v
Beaumont Jefferson, etc., et al., appellants.


Thomas A. Adams, County Attorney, Mineola, NY (Nicholas Vevante and Robert F. Van der Waag of counsel), for appellants.
Schroder & Strom, LLP, Mineola, NY (Michele A. Pincus of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to enforce certain judgments entered in connection with real property tax certiorari proceedings, the appeal is from a judgment of the Supreme Court, Nassau County, entered August 13, 2018. The judgment, insofar as appealed from, upon a decision of the same court entered June 8, 2018, granted the petition insofar as asserted by the petitioners Oxford Developers, LLC, John Brunetti, and Merrick Realty Assoc., LLC, and directed the appellants to make payments to those petitioners, respectively, in satisfaction of the judgments entered in connection with the respective real property tax certiorari proceedings.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The petitioners are owners or authorized agents of real property located in Nassau County. Each of the petitioners, respectively, prosecuted certain real property tax certiorari proceedings against the County Board of Assessors and the County Assessment Review Commission under Real Property Tax Law article 7. The tax certiorari proceedings were ultimately resolved and/or settled in favor of the petitioners, resulting in various stipulations of settlement that were incorporated into judgments awarding the petitioners tax refunds. Pursuant to these judgments, the Supreme Court directed that the County make payments to each petitioner in the amounts set forth in each judgment.
Beginning in late 2016 and continuing into 2017, the petitioners, respectively, duly served upon the County demands for payment of the tax refunds owed to each petitioner pursuant to the judgments. However, the County did not make the required tax refund payments for more than a year after entry of the judgments and service of the payment demands.
In or about April 2018, the petitioners commenced this proceeding against the appellants, Beaumont Jefferson, as the County Treasurer, and the Office of the County Treasurer, pursuant to CPLR article 78, in the nature of mandamus to compel the appellants to pay the petitioners the subject tax refunds owed them pursuant to the subject tax certiorari judgments. The appellants opposed the petition, contending that the instant controversy was not ripe for judicial intervention, and, in any event, that the proceeding was barred by a four-month statute of limitations and laches.
In a judgment entered August 13, 2018, the Supreme Court granted the petition and directed the appellants to make the subject tax refund payments. The appellants appeal, but only to the extent they were directed to make the subject tax refund payments to the petitioners Oxford Developers, LLC, John Brunetti, and Merrick Realty Assoc., LLC, as the appellants allegedly paid the tax refunds owed to the other petitioners during the pendency of this matter. We affirm the judgment insofar as appealed from.
"The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Matter of Crescent Group Realty, Inc. v Kennedy, 175 AD3d 1531, 1532 [internal quotation marks omitted]; see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; Matter of Weaver v Cohen, 197 AD3d 1178). Here, as the Supreme Court correctly concluded, the petitioners sustained this burden.
As distinguished from other cases where payment is sought from governmental entities, in this case the petitioners' "claim[s] . . . [were] represented by . . . judgment[s]" (People ex rel. Town of Walton v Board of Supervisors of Delaware County, 173 NY 297, 303; cf. Matter of Selective Ins. Co. of Am. v State of N.Y. Workers' Compensation Bd., 102 AD3d 72, 76; Matter of Chevron U.S.A. Inc. v Commissioner of Envtl. Conservation, 86 AD3d 838, 840). The appellants do not contend that the subject tax certiorari judgments were invalid or unenforceable, or that this proceeding was an improper means to enforce them (see People ex rel. Town of Walton v Board of Supervisors of Delaware County, 173 NY at 303). Contrary to the appellants' contention, "[t]his is a proceeding to enforce . . . judgment[s] . . . and no Statute of Limitations constitutes any obstacle to the relief which the [petitioners] applied for" (id.; cf. Austin v Board of Higher Educ. of City of N.Y., 5 NY2d 430, 442). The appellants' remaining contentions are without merit, and do not warrant further discussion. Accordingly, we affirm the judgment insofar as appealed from.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court